Ronnie Burns was indicted and convicted for the murder of Dermita Joann Billingsley. Sentence was twenty-five years' imprisonment. The only issue argued on appeal concerns the State's withdrawal from an alleged plea bargain agreement.
The majority of courts in the United States that have considered the matter have held that the State may withdraw from a plea bargain agreement at any time before a plea is entered or the defendant undertakes other action in reliance on the agreement. Annot. 16 A.L.R. 4th 1089 (1982). Our Supreme Court, however, has held that once the State enters into a plea bargain agreement it may not "repudiate that agreement with impunity." Ex parte Yarber, 437 So.2d 1330, 1335 (Ala. 1983).
It is undisputed in the present case that the prosecutor and defense counsel entered into plea negotiations after Burns' first trial resulted in a mistrial when the jury was unable to reach a verdict. The prosecutor ultimately offered "ten years, murder, and for the defendant to serve ten years." The record contains conflicting evidence as to whether an agreement to these terms was ever entered into. While it is clear that the prosecutor withdrew something, this Court is unable to ascertain from the record whether he withdrew his offer or withdrew from the agreement.
We, therefore, remand this cause to the Jefferson Circuit Court for a determination of whether the defendant and the prosecutor did, in fact, enter into a plea bargain agreement.
If a finding is made that an agreement existed, the Circuit Court is instructed to apply the principles set out in Yarber, supra. The Circuit Court is further instructed to prepare a written finding of facts concerning this matter.
REMANDED WITH INSTRUCTIONS.
All Judges concur.
 ON RETURN TO REMAND