This is an appeal from the appellant's convictions, pursuant to his guilty pleas to three counts of the sale of cocaine, and from the trial court's order revoking probation that had been granted in a prior case.
In December 1984, the appellant was found guilty of receiving stolen property and was sentenced to a term of five years' imprisonment. Sentence in that case was suspended, and the appellant was placed on five years' probation. On March 31, 1988, the appellant was arrested by officers of the Mobile Police Department for three separate sales of cocaine to an undercover agent and for trafficking in cocaine. The State thereafter filed a motion in the Mobile County Circuit Court to revoke the appellant's probation.
In June 1988, a Mobile County grand jury returned a four-count indictment against the appellant, charging him with three counts of the sale of cocaine, in violation of §13A-12-211, Code of Alabama (1975), and one count of trafficking in cocaine, in violation of § 20-2-80(1), Code ofAlabama (1975).[1]
On October 18, 1988, the appellant appeared before the trial court to enter a guilty plea to the three counts of the sale of cocaine. At this time, the State gave notice of its intent to proceed under the Habitual Felony Offender Act but made no recommendation as to the appellant's sentence. The appellant's attorney objected to the application of the Habitual Felony Offender Act on the ground that the State had not given prior notice of its intent to proceed under that statute, and the trial court advised counsel that the appellant was free to withdraw his plea. Counsel then responded that the appellant desired to enter a guilty plea, but wanted to be sentenced in accordance with an earlier plea agreement that allegedly had been offered and accepted before the State learned of his prior conviction. During the discussion that followed, the prosecutor advised the court that no agreement could be reached as to a sentence, and that "[t]his is a blind plea with the State's recommendation." *Page 171 
Before accepting the appellant's guilty pleas, the trial court engaged him in a lengthy Boykin colloquy, explained to him that he would be sentenced under the Habitual Felony Offender Act, and advised him as to the possible range of his sentence. Likewise, the court explained to the appellant that, under a "blind" plea agreement, "[w]hatever [sentence] I think you ought to get is what you get." Thereafter, the trial court stated the following: "Then I determine that your plea of guilty has been freely, voluntarily, and understandingly entered and I find you guilty as charged in the indictment."
Appellant's sentencing hearing was held on November 4, 1988. Prior to sentence being imposed, however, the appellant's attorney made an oral motion to withdraw the appellant's guilty plea or, in the alternative, to enforce the earlier agreement allegedly made by the district attorney. The prosecutor again denied making such an offer, alleging that the offer was made by the appellant's attorney and was never accepted by him. The trial court denied the appellant's motion and thereafter sentenced him to 15 years' imprisonment on the sale-of-cocaine convictions. The court likewise granted the State's motion to revoke appellant's probation, ordering his five year sentence in that case to run consecutively with his 15-year term.
On November 21, 1988, the appellant filed a motion to modify or correct the record, and in March 1989, a hearing was held on this motion. Corporal Sam Houston of the Mobile Police Department testified during the hearing that he and Corporal John McLain were present during the plea negotiations with the appellant. Corporal Houston testified that, to the best of his recollection, the appellant was offered 10-year sentences in each of the three counts, with no recommendation having been made as to whether the sentences should run consecutively or concurrently. Houston further testified that the prosecutor learned immediately after making the offer that the appellant, who was not present at the meeting, had a prior felony conviction, and that he withdrew the offer before counsel could communicate it to his client.
 I.
The appellant alleges that the prosecution breached the plea bargain agreement that it had made with him, and that the trial court therefore erred by refusing to enforce this agreement or, in the alternative, by refusing to allow him to withdraw his guilty plea. In support of his argument, the appellant relies on Ex parte Yarber, 437 So.2d 1330 (Ala. 1983), wherein our Supreme Court held that "once the state chooses to make an agreement, it should not be allowed to repudiate that agreement with impunity." Id. at 1335 (citation omitted). This court finds, however, that appellant's reliance on Yarber is misplaced.
In Yarber, the trial court concluded that the parties had, in fact, reached a plea agreement but declined to enforce it. In the case sub judice, however, the court apparently concluded that no plea agreement had been reached.[2] The trial judge is in the best position to determine whether a plea agreement had been reached. Ex parte Swain, 527 So.2d 1279, 1280 (Ala. 1988);Fuller v. State, 481 So.2d 1178 (Ala.Cr.App. 1985). After careful review of the record, we hold that the trial judge did not err in concluding that no plea agreement had been reached.
Moreover, it appears from the testimony presented during the hearing on appellant's motion to modify or correct the record that, even if the alleged offer was made by the prosecutor, it was withdrawn before the appellant accepted. As this Court held in Fuller v. State, 481 So.2d 1178 (Ala.Cr.App. 1985), a plea agreement is not breached, and the defendant's guilty *Page 172 
plea is not made pursuant to such an agreement, where the State withdraws the offer before it is accepted by the defendant.
Finally, even if appellant's allegations are taken as true, remand of this cause pursuant to Yarber, supra, and Burns v.State, 455 So.2d 113 (Ala.Cr.App. 1984), would serve no purpose. As the Yarber court notes, where the State has breached a plea agreement, the defendant's remedy is "the tender of the negotiated plea, with its attendant terms, to the trial court for its consideration." Yarber, supra, at 1336. The testimony of Corporal Houston, however, indicated that the State's alleged offer was for 10-year sentences in each of the three counts, with no recommendation as to whether those sentences should run concurrently or consecutively. Thus, appellant could have received a maximum sentence of 30 years under the alleged agreement. This sentence substantially exceeds the 15-year sentence actually imposed by the court.
The appellant further argues that the trial court erred in refusing to allow him to withdraw his guilty plea. "Whether or not a defendant should be allowed to withdraw his guilty plea is a matter within the sound discretion of the trial judge. His refusal to allow such a request will not be disturbed except where an abuse of that discretion is demonstrated." State v.Holman, 486 So.2d 500, 503 (Ala. 1986), on remand, Holman v.State, 486 So.2d 504 (Ala.Cr.App. 1986). No such showing has been made in this case.
 II.
The appellant next argues that the trial court erred by revoking his probation without first holding a revocation hearing separate from the hearing at which he was sentenced on the other convictions. Appellant's argument is without merit.
Clearly, a defendant's probation may not be revoked without a revocation hearing. Armstrong v. State, 294 Ala. 100,312 So.2d 620, 623 (1975); Martin v. State, 46 Ala. App. 310,241 So.2d 339 (1970); § 15-22-54(d), Code of Alabama (1975). We can find no authority, and the appellant cites none, however, which supports his argument that such a hearing must be limited solely to the issue of probation revocation, so long as the due process requirements of Armstrong, supra, and its progeny are met. Indeed, Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254,19 L.Ed.2d 336 (1967) indicates the opposite (combined revocation and sentencing hearing).
In the present case, appellant's probation revocation occurred during the same hearing at which he was sentenced for his conviction for the sale of cocaine, which formed the basis of the revocation. The record reflects that, several months prior to the date of appellant's sentencing hearing, the State filed a motion for revocation of his probation and that this motion clearly states the grounds on which revocation was being sought. Although the record does not expressly show that appellant was served with a copy of this motion, it is clear from discussions contained in the record that he knew of the pendency of the motion, as well as the grounds it alleged, since the five year sentence that would result from his probation revocation was a part of the plea negotiations addressed in the first issue of this case. It is likewise clear that the appellant understood that the revocation of his probation would be addressed at this sentencing hearing, and that he consented to this, thus waiving his right to a more formal revocation proceeding. For this reason, reversal of this cause pursuant to Armstrong, supra, is not required. To hold otherwise would be to elevate form over substance.
 III.
The appellant raises other issues pertinent to his probation revocation for review by this Court. A review of the record, however, indicates that the appellant failed to raise these issues before the trial court, either at sentencing or in his motion for new trial. Therefore, the remaining issues have not been preserved for our review. Dixon v. State, 476 So.2d 1236
(Ala.Cr.App. 1985); Streeter v. State, 406 So.2d 1024
(Ala.Cr.App.), cert. denied, Ex parte Streeter, 406 So.2d 1029
(Ala. 1981), *Page 173 
cert. denied, Streeter v. Alabama, 456 U.S. 932,102 S.Ct. 1984, 72 L.Ed.2d 450 (1982).
For the reasons stated above, the judgment of the trial court is correct, and it is due to be affirmed.
AFFIRMED.
All the Judges concur.
[1] These were the same offenses that formed the basis of the State's motion to revoke the appellant's probation. The charge of trafficking in cocaine was later nol-prossed as being unfounded.
[2] As previously stated, during the discussion which preceded the entry of appellant's plea, counsel referenced the alleged existence of the agreement now in issue. The prosecution, however, maintained that no agreement as to a sentence could be reached. As the trial court thereafter treated appellant's guilty plea as a "blind" plea, it apparently found that no enforceable agreement had been made, although it never expressly ruled as to this issue.