The appellant, Michael Humphrey, pleaded guilty to and was convicted of unlawful distribution of a controlled substance and of unlawful possession of marijuana. He was sentenced to 18 years' imprisonment. On appeal he raises one issue.
The appellant contends that the trial court erred in refusing to grant his timely filed motion to withdraw his guilty plea because, he says, the State breached the terms of the agreement between the State and him. On July 15, 1994, the appellant entered a plea of not guilty to the charges. On November 16, 1995, he withdrew his not guilty pleas and entered guilty pleas on both charges. He alleges that he changed his pleas based upon a plea agreement with the State. The appellant claims that in an oral plea agreement he and the State agreed as follows: if the appellant pleaded guilty to the two offenses with which he was charged the State would recommend 18 years' imprisonment on each count, to run concurrently; a $2,000 fine; a payment to the crime victim's compensation fund and payment of court costs; the opportunity to work with law enforcement as an informant on drug cases; the possibility of a reduced sentence of 15 years on each count, to run concurrently based upon his cooperation with the police; the ability to present the facts of his cooperation with police as a factor to consider with his probation application; and the State's agreement neither to oppose nor to recommend probation. (R. 22, Appellant's brief, at 1.)
This court discussed the procedure for a motion for withdrawal of a guilty plea in Blackwell v. State,556 So.2d 1091 (Ala.Cr.App. 1988). The Blackwell court held that, if there is a plea agreement between the defendant and the State which either the State or the trial court refuses to honor, the defendant must bring that breach to the court's attention by means of a timely motion to withdraw the guilty plea. The trial court must then review the circumstances surrounding the making of the plea agreement and determine whether a breach occurred. Further, the court must decide whether the defendant's guilty plea rested in any significant degree upon the agreement with the State, so that the agreement can be said to be part of the inducement or consideration for the guilty plea, and, thus, must necessarily be honored. See, Santobello v. New York,404 U.S. 257, 263, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). The trial court may hold a hearing and receive testimony to determine the facts. The court must make its findings, then determine what, if any, remedy is appropriate. Santobello,404 U.S. at 263, 92 S.Ct. at 499; Ex parte Yarber, 437 So.2d 1330
(Ala. 1983); Orr v. State, 435 So.2d 182, 184 (Ala.Cr.App. 1983).
The appellant pleaded guilty on November 16, 1995, and sentencing was set for April 16, 1996. During the guilty plea colloquy the appellant and his attorney both mentioned the plea agreement as a factor in his decision to plead guilty. (R. 8.) The Ireland forms completed for each charge note the existence of a plea agreement but do not indicate details of that agreement. (C. 13-16.) The five-month delay between the entry of the guilty plea and the sentencing hearing supports the appellant's assertion that part of the agreement was that the appellant would work with the police on other drug cases. The appellant testified that he offered to work with Officer Johnny *Page 562 
Grant, but the State specifically told him to contact Roy Harbin. (R. 24.) The appellant testified that he made repeated attempts to contact Officer Harbin (R. 14-17), but that Harbin never returned his calls. The appellant testified that Harbin allegedly stated that he would never work with the appellant against the wishes of his fellow officers. At the sentencing hearing, the appellant made an oral motion to withdraw his guilty plea, which he attributed to the State's failure to uphold its agreement to provide him an opportunity to cooperate with law enforcement on undercover drug work. The trial court stated at the hearing that it recalled that portion of the agreement. (R. 10.) Nonetheless, the State denied the existence of an agreement primarily because no written agreement existed in its files. (R. 20.) However, that fact does not conclusively prove the absence of an agreement. Santobello, 404 U.S. at 259,92 S.Ct. at 497. The trial court heard testimony from the appellant and the State, and denied the motion.
In this case the threshold question is whether a plea agreement actually existed. Ex parte Clay, 562 So.2d 1307 (Ala. 1990). The record supports the appellant's contention that an agreement did exist. The court did not make any oral or written findings that the agreement did not exist or whether the State had substantially complied; it simply denied the appellant's motion to withdraw his guilty plea. (C. 17-20, R. 24, 26.). The State admits that the trial court did not expressly find that no plea agreement existed. (Appellee's brief at 10.) Notably, the court sentenced the appellant in accordance with most of the terms of the alleged plea agreement, except for those terms related to the appellant's cooperation with law enforcement.
The evidence supports the appellant's assertion that the State breached the agreement for two reasons. First, the appellant's testimony, the record, and the trial court's comments offer support for the existence of the agreement, in particular that part of the agreement pursuant to which the appellant was to be afforded the opportunity to cooperate with police and in exchange to receive potentially favorable consideration of his probation application. The fact that the State absolutely denied the existence of any plea agreement indicates that it could not have properly afforded the appellant an opportunity to cooperate with law enforcement. Second, the prosecutor specifically objected to the appellant's application for probation, which the appellant understood the State would refrain from doing.
According to United States v. Wittie, 25 F.3d 250, 262 (5th Cir. 1994), aff'd, ___ U.S. ___, 115 S.Ct. 2199,132 L.Ed.2d 351 (1995), the appellant must prove the government's breach of the agreement by a preponderance of the evidence. In addition, the Eleventh Circuit Court of Appeals has held that due process requires that any ambiguities in the terms of a plea agreement must be construed against the government and in favor of the defendant's reasonable understanding of those terms when he entered his guilty plea. "[A] plea agreement that is ambiguous 'must be read against the government.' The rationale for this method of interpretation is that a plea agreement must be construed in light of the fact that it constitutes a waiver of 'substantial constitutional rights' requiring that the defendant be adequately warned of the consequences of his plea." United States v. Nyhuis, 8 F.3d 731, 742 (11th Cir. 1993), cert. denied, ___ U.S. ___, 115 S.Ct. 56, 130 L.Ed.2d 15
(1994) (quoting United States v. Jefferies, 908 F.2d 1520,1523 (11th Cir. 1990)).
As this court has consistently held, " 'when the trial judge decides not to carry out an agreement reached between the prosecutor and defense counsel, the accused must be afforded the opportunity to withdraw his or her guilty plea on motion promptly made.' " Bland v. State, 565 So.2d 1240, 1243
(Ala.Cr.App. 1990), quoting Ex parte Otinger, 493 So.2d 1362, 1364
(Ala. 1986); Rules 14.3(c)(2)(iv) and 14.4(e), Ala. R. Crim. P. Because the appellant was not afforded the opportunity promised by the State in the agreement to help on drug cases and to favorably impact his probation application, and because the State specifically objected to probation in violation of the terms of the plea agreement, this court finds that the appellant should have been allowed to withdraw his *Page 563 
guilty plea. The trial court's denial of that motion was an abuse of discretion in light of the evidence. The appellant is entitled to withdraw his guilty plea. Accordingly, the judgment is reversed, and the case is remanded.
REVERSED AND REMANDED.
All Judges concur.