On August 19, 2002, the appellant, Darryl Williams, pleaded guilty to sodomy in the first degree and was sentenced to 10 years in the state penitentiary. He appealed from the conviction entered on his guilty plea. It has come to this Court's attention that Williams did not reserve the right to raise any issue on appeal nor did he file a motion to withdraw his guilty plea. The question presented is what effect the failure to reserve an issue for appeal and the failure to file a motion to withdraw a guilty plea has on the appellate review of a conviction entered pursuant to a plea. *Page 626 
Williams pleaded guilty on August 19, 2002, pursuant to Rule 14.4, Ala.R.Crim.P., a rule amended effective August 1, 2002, to read as follows:
 "(a) Colloquy with Defendant. In all minor misdemeanor cases, the execution of a form similar to Form C-44B will be sufficient and no colloquy shall be required. In all other cases, except where the defendant is a corporation or an association, the court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court for the purposes of:
 "(1) Ascertaining that the defendant has a full understanding of what a plea of guilty means and its consequences, by informing the defendant of and determining that the defendant understands:
 "(i) The nature of the charge and the material elements of the offense to which the plea is offered;
 "(ii) The mandatory minimum penalty, if any, and the maximum possible penalty provided by law, including any enhanced sentencing provisions;
 "(iii) If applicable, the fact that the sentence may run consecutively to or concurrently with another sentence or sentences;
 "(iv) The fact that the defendant has the right to plead not guilty, not guilty by reason of mental disease or defect, or both not guilty and not guilty by reason of mental disease or defect, and to persist in such a plea if it has already been made, or to plead guilty;
 "(v) The fact that the defendant has the right to remain silent and may not be compelled to testify or give evidence against himself or herself, but has the right, if the defendant wishes to do so, to testify on his or her own behalf;
 "(vi) The fact that, by entering a plea of guilty, the defendant waives the right to trial by jury, the right to confront witnesses against him or her, the right to cross-examine witnesses or have them cross-examined in the defendant's presence, the right to testify and present evidence and witnesses on the defendant's own behalf, and the right to have the aid of compulsory process in securing the attendance of witnesses;
 "(vii) The fact that, if the plea of guilty is accepted by the court, there will not be a further trial on the issue of the defendant's guilt; and
 "(viii) The fact that there is no right to appeal unless the defendant has, before entering the plea of guilty, expressly reserved the right to appeal with respect to a particular issue or issues, in which event appellate review shall be limited to a determination of the issue or issues so reserved."
(Emphasis added.)
The August 2002 amendment of Rule 14.4 dramatically affected appellate review of a guilty plea proceeding.[1] Before the *Page 627 
recent revision of Rule 14.4, subsection (e)(5) of Rule 2.2, Ala.R.Crim.P., which was also amended effective August 1, 2002, specifically stated that a defendant had a right to appeal a guilty plea. When Rule 14.4 was amended, Rule 2.2 was also amended to delete any reference to a defendant's right to appeal a guilty plea.
According to Rule 14.4(a)(1)(viii), Ala.R.Crim.P., the only way to appeal from a guilty plea proceeding is to reserve the right to appeal a certain issue before pleading guilty. However, we note that Rule 26.9(b), Ala.R.Crim.P., was also amended in August 2002. This rule now states:
 "(b) Pronouncement of Sentence. In pronouncing sentence, the court shall:
". . . .
 "(4) Inform the defendant as to the defendant's right to appeal; provided, however, in cases in which the defendant has entered a plea of guilty, the court shall advise the defendant of his or her right to appeal only in those cases in which the defendant (i) has entered a plea of guilty, but before entering the plea of guilty has expressly reserved his or her right to appeal with respect to a particular issue or issues, or (ii) has timely filed a motion to withdraw the plea of guilty and the motion has been denied, either by order of the court or by operation of law."
(Emphasis added.) Rule 26.9(b)(4)(ii) appears to add a right to appeal the denial of a motion to withdraw a guilty plea — a right that is not specifically recognized in Rule 14.4(a)(1)(viii) — the rule that specifically addresses guilty plea proceedings.
The record of Williams's guilty-plea proceeding reflects the following:
"The Court: Any issues you need to reserve for appeal?
"[Defense counsel]: No."
(R. 5.) Moreover, no motion to withdraw the guilty plea was filed in this case.
As previously noted, Rule 2.2(e), Ala.R.Crim.P., has been amended to eliminate the absolute right to appeal a judgment entered in a guilty plea proceeding. Although Rules 14.4(a)(1)(viii) and 26.9(b)(4), now provide a limited right to appeal, Williams failed to reserve any issue for appellate review before he entered his guilty plea, and he did not file a motion to withdraw his guilty plea. Consequently, Williams cannot proceed with this appeal because he has failed to invoke the limited right to appeal recognized in the rules as recently amended. If Williams is entitled to any review of his guilty-plea proceedings that review would be through a postconviction proceeding pursuant to Rule 32, Ala.R.Crim.P.
Because no issues were preserved for this Court to review on direct appeal and because Williams did not move to withdraw his guilty plea, this appeal is due to be, and is hereby, dismissed.
APPEAL DISMISSED.
McMillan, P.J., and Cobb, Baschab, Shaw, and Wise, JJ., concur.
[1] We note that when Rule 2.2(e)(5), Ala.R.Crim.P., was adopted by the Alabama Supreme Court this rule superseded § 15-15-26, Ala. Code 1975. Section 15-15-26 stated, "After the court has heard and considered a plea of guilty by a defendant and has permitted the filing of such plea and sentenced the defendant, such defendant shall not have the right of appeal from the action of the court." It appears that with the recent amendment of Rule 14.4, the Supreme Court has revived § 15-15-26.