In May 2002, Rodrick O'Neal Ingram was indicted for robbery in the first degree and assault in the second degree. On August 22, 2002, pursuant to a plea agreement with the State, Ingram pleaded guilty to robbery in the second degree and assault in the second degree.[1] On October 10, 2002, he was sentenced, in accordance with the plea agreement, to 20 years' imprisonment for the robbery conviction and *Page 375 
to 10 years' imprisonment for the assault conviction; the sentences were to run consecutively. Ingram did not expressly reserve the right to appeal any issues before he entered his guilty plea. However, at the conclusion of the sentencing hearing, Ingram orally moved to withdraw his guilty plea. The trial court denied the motion.
After reviewing the record, we conclude that this appeal is due to be dismissed because Ingram did not properly invoke his limited right to appeal. In Williams v. State, 854 So.2d 625
(Ala.Crim.App. 2003), this Court examined the recent amendments to Rule 14.4, Ala.R.Crim.P., and Rule 26.9, Ala.R.Crim.P., with respect to a defendant's right to appeal a guilty-plea conviction. We said:
 "Williams pleaded guilty on August 19, 2002, pursuant to Rule 14.4, Ala.R.Crim.P., a rule amended effective August 1, 2002, to read as follows:
 "`(a) Colloquy with Defendant. In all minor misdemeanor cases, the execution of a form similar to Form C-44B will be sufficient and no colloquy shall be required. In all other cases, except where the defendant is a corporation or an association, the court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court for the purposes of:
 "`(1) Ascertaining that the defendant has a full understanding of what a plea of guilty means and its consequences, by informing the defendant of and determining that the defendant understands:
 "`(i) The nature of the charge and the material elements of the offense to which the plea is offered;
 "`(ii) The mandatory minimum penalty, if any, and the maximum possible penalty provided by law, including any enhanced sentencing provisions;
 "`(iii) If applicable, the fact that the sentence may run consecutively to or concurrently with another sentence or sentences;
 "`(iv) The fact that the defendant has the right to plead not guilty, not guilty by reason of mental disease or defect, or both not guilty and not guilty by reason of mental disease or defect, and to persist in such a plea if it has already been made, or to plead guilty;
 "`(v) The fact that the defendant has the right to remain silent and may not be compelled to testify or give evidence against himself or herself, but has the right, if the defendant wishes to do so, to testify on his or her own behalf;
 "`(vi) The fact that, by entering a plea of guilty, the defendant waives the right to trial by jury, the right to confront witnesses against him or her, the right to cross-examine witnesses or have them cross-examined in the defendant's presence, the right to testify and present evidence and witnesses on the defendant's own behalf, and the right to have the aid of compulsory process in securing the attendance of witnesses;
 "`(vii) The fact that, if the plea of guilty is accepted by the court, there will not be a further trial on the issue of the defendant's guilt; and
 "`(viii) The fact that there is no right to appeal unless the defendant has, before entering the plea of guilty, expressly reserved the right to appeal with respect to a particular issue or issues, in which event appellate review shall be limited to a determination of the issue or issues so reserved.' *Page 376 
"(Emphasis added [in Williams].)
 "The August 2002 amendment of Rule 14.4 dramatically affected appellate review of a guilty plea proceeding. Before the recent revision of Rule 14.4, subsection (e)(5) of Rule 2.2, Ala.R.Crim.P., which was also amended effective August 1, 2002, specifically stated that a defendant had a right to appeal a guilty plea. When Rule 14.4 was amended, Rule 2.2 was also amended to delete any reference to a defendant's right to appeal a guilty plea.
 "According to Rule 14.4(a)(1)(viii), Ala.R.Crim.P., the only way to appeal from a guilty plea proceeding is to reserve the right to appeal a certain issue before pleading guilty. However, we note that Rule 26.9(b), Ala.R.Crim.P., was also amended in August 2002. This rule now states:
 "`(b) Pronouncement of Sentence. In pronouncing sentence, the court shall:
"`. . . .
 "`(4) Inform the defendant as to the defendant's right to appeal; provided, however, in cases in which the defendant has entered a plea of guilty, the court shall advise the defendant of his or her right to appeal only in those cases in which the defendant (i) has entered a plea of guilty, but before entering the plea of guilty has expressly reserved his or her right to appeal with respect to a particular issue or issues, or (ii) has timely filed a motion to withdraw the plea of guilty and the motion has been denied, either by order of the court or by operation of law.'
 "(Emphasis added [in Williams].) Rule 26.9(b)(4)(ii) appears to add a right to appeal the denial of a motion to withdraw a guilty plea — a right that is not specifically recognized in Rule 14.4(a)(1)(viii) — the rule that specifically addresses guilty plea proceedings.
". . . .
 "As previously noted, Rule 2.2(e), Ala.R.Crim.P., has been amended to eliminate the absolute right to appeal a judgment entered in a guilty plea proceeding. Although Rules 14.4(a)(1)(viii) and 26.9(b)(4), now provide a limited right to appeal, Williams failed to reserve any issue for appellate review before he entered his guilty plea, and he did not file a motion to withdraw his guilty plea. Consequently, Williams cannot proceed with this appeal because he has failed to invoke the limited right to appeal recognized in the rules as recently amended."
854 So.2d at 626-27 (footnote omitted).
Pursuant to Rule 14.4(a)(1)(viii) and Rule 26.9(b), a defendant may appeal a guilty-plea conviction if: (1) the defendant "expressly reserved the right to appeal with respect to a particular issue or issues" before entry of the plea, Rule 14.4(a)(1)(viii), or (2) the defendant "has timely filed a motion to withdraw the plea of guilty and the motion has been denied," Rule 26.9(b)(4)(ii). The question in this case is whether anoral motion to withdraw a guilty plea is sufficient to invoke the limited right to appeal pursuant to Rule 26.9(b). We hold that it is not.
"We start with the basic premise that words used in court rules must be given their plain meaning." Nieto v. State,842 So.2d 748, 749 (Ala.Crim.App. 2002). "[W]hen interpreting a rule of procedure, we must give the wording of the rule its plain meaning." J.W. v. State, 751 So.2d 529, 531 (Ala.Crim.App. 1999). To invoke the right to appeal under Rule 26.9(b)(4)(ii), a defendant must have "timely filed" a motion to withdraw his or her guilty plea. (Emphasis added.) "File" is defined in Black'sLaw Dictionary 628 *Page 377 
(6th ed. 1996), in part, as "[t]o deliver an instrument or otherpaper to the proper officer or official for the purpose of being kept on file by him as a matter of record and reference in the proper place." (Emphasis added.)[2] By stating that the motion to withdraw must be "filed," the plain language of Rule 26.9(b)(4)(ii) requires that a motion to withdraw the plea be in writing in order to invoke the limited right to appeal. See, e.g., Pendley v. State, 36 Ala.App. 169, 171, 53 So.2d 811, 812
(1951) (interpreting the term "filed" in § 276, Title 7, Ala. Code 1940, relating to motions for a new trial, to require that a motion for a new trial be in writing).[3]
Because Ingram did not expressly reserve the right to appeal any issues before he entered his plea and because he did not file a written motion to withdraw his plea, he failed to invoke his limited right to appeal. Therefore, this appeal is due to be, and is hereby, dismissed.
APPEAL DISMISSED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
[1] The first-degree-robbery indictment alleged that Ingram committed the crime with another person, Raymond Remor Ingram (his brother); thus, it included the lesser offense of second-degree robbery. Therefore, the trial court had jurisdiction to accept Ingram's plea to second-degree robbery based on the indictment for first-degree robbery. See Ex parteCole, 842 So.2d 605 (Ala. 2002).
[2] "File" is defined in Black's Law Dictionary 642 (7th ed. 1999), as "[t]o deliver a legal document to the court clerk or record custodian for placement into the official record."
[3] Of course, invoking the limited right to appeal a guilty-plea conviction, governed by newly amended Rules 14.4(a)(1)(viii) and 26.9(b)(4)(ii), is quite different than preserving an issue for review. In Humphrey v. State,686 So.2d 560 (Ala.Crim.App. 1996), and Ingram v. State, 552 So.2d 169
(Ala.Crim.App. 1989), this Court addressed issues, and even reversed the conviction in Humphrey, raised in an oral motion to withdraw a guilty plea. However, both Humphrey and Ingram
were decided before the amendments to Rules 2.2, 14.4, and 26.9. At the time Humphrey and Ingram were decided, there was an absolute right to appeal a guilty-plea conviction and there was no question in either of those cases that the appeals had been properly perfected and were properly before this Court.Humphrey and Ingram stand only for the proposition that an oral motion to withdraw a plea will preserve an issue for appellate review under the general laws of preservation once an appeal has been properly perfected; they are not controlling on whether the now limited right to appeal a guilty-plea conviction has been properly invoked.