PER CURIAM.
The appellant, Arthur Brown, pleaded guilty to four counts of leaving the scene of an accident at which four persons were injured and one count of assault. He was *478 sentenced to 10 years’ imprisonment on each count of leaving the scene of an accident and to 15 years’ imprisonment for the assault conviction, the sentence for assault to run concurrently with those for leaving the scene of an accident. Brown filed written notice of appeal within 42 days of the date he was sentenced.
Brown pleaded guilty on October 21, 2002. Rule 14.4(a)(l)(viii), Ala.R.Crim.P., was amended effective August 1, 2002, to specifically state that a defendant has
“no right to appeal unless the defendant has, before entering the plea of guilty, expressly reserved the right to appeal with respect to a particular issue or issues, in which event appellate review shall be limited to a determination of the issue or issues so reserved.”
Rule 26.9(b)(4)(h), Ala.R.Crim.P., was also amended effective August 1, 2002, to provide that a defendant who pleads guilty may appeal, after pleading guilty, if he has filed a motion to withdraw the guilty plea.
Here, because the record before this Court showed that no motion to withdraw the guilty plea was filed in the circuit court, we requested that counsel notify this Court if Brown had reserved any issue to raise on appeal. See Rule 14.4, Ala. R.Crim.P. In response to this Court’s order, Brown’s attorney informed this Court that the trial court had improperly advised Brown that he had the unconditional right to appeal his guilty plea proceedings. Counsel also asserts that we should not apply the recent amendment in Rule 14.4, Ala.R.Crim.P., to Brown because he is unlearned in the law and he was relying on what both the court and his attorney told him. The record supports counsel’s assertion that the trial court incorrectly informed Brown that he had a unconditional right to appeal. Appellate counsel[1] also states that guilty plea counsel failed to inform Brown about the recent amendments to Rule 14.4, Ala.R.Crim.P.[2]
This Court is bound by the Alabama Rules of Criminal Procedure as pronounced by the Alabama Supreme Court in its recent amendment to Rule 14.4, Ala. R.Crim.P. Because Brown failed to invoke the limited right to appeal a guilty plea, we have no authority to consider this appeal. See Williams v. State, 854 So.2d 625 (Ala.Crim.App.2003). Brown’s remedy, if any, is to file a petition for postconviction relief challenging the voluntariness of his guilty plea. Challenges to the voluntariness of a guilty plea may be addressed for the first time in a timely filed postconviction petition. See Cantu v. State, 660 So.2d 1026 (Ala.1995); Ex parte Rivers, 597 So.2d 1308 (Ala.1991); Gordon v. Nagle, 647 So.2d 91 (Ala.1994). We make no comment at this time on the merits of such a petition.
Because Brown failed to invoke the limited right to appeal his guilty plea, this appeal is due to be, and is hereby, dismissed.
APPEAL DISMISSED.
*479 McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ„ concur.

. Our records reflect that guilty plea counsel was allowed to withdraw and a new attorney was appointed to represent Brown on appeal.

. The Alabama Supreme Court in Ex parte Blackmon, 734 So.2d 995, 997 (Ala.1999), stated that "a misrepresentation by a defendant’s counsel, if material, may render a guilty plea involuntary.” Subsequent to the amendment to Rule 14.4, Alabama has not had the occasion to address whether misinforming a defendant who pleads guilty that he has a right to appeal the guilty plea proceedings will constitute a material misrepresentation that renders a guilty plea involuntary. Before the amendment of Rule 14.4 we had held that the failure to notify a defendant who pleads guilty that he has the right to appeal would not automatically constitute ineffective assistance of counsel. See Langford v. State, 531 So.2d 944 (Ala.Crim.App.1988).