12 So.3d 130 (2005)
Ex parte State of Alabama.
(In re STATE of Alabama v. William Kenneth SORSBY).
CR-04-2166.
Court of Criminal Appeals of Alabama.
December 16, 2005.
Rehearing Denied February 3, 2006.
*131 Troy King, atty. gen., and M. David Barber, dist. atty. for Jefferson County, Birmingham Division, for petitioner.
James Edmund Odum, Jr., Birmingham, for respondent.
PER CURIAM.
The State of Alabama filed this petition for a writ of mandamus directing Judge David N. Lichtenstein to grant the State's motion to dismiss William Kenneth Sorsby's appeal for a trial de novo. On March 3, 2005, Sorsby pleaded guilty in the Jefferson District Court to driving under the influence.[1] On March 11, 2005, Sorsby filed a notice of appeal for a trial de novo in the Jefferson Circuit Court. On July 14, 2005, the State moved that the appeal be dismissed because, it argued, the circuit court lacked jurisdiction to consider the appeal in that when he pleaded guilty Sorsby did not reserve any issue for appeal and did not file a motion to withdraw his plea. On July 25, 2005, Judge Lichtenstein denied the State's motion to dismiss. This petition followed. We stayed action in the circuit court pending the resolution of this mandamus petition.
Initially, we note that the State has no means of seeking review of this issue except by a petition for a writ of mandamus. As the Alabama Supreme Court stated in Ex parte Sullivan, 779 So.2d 1157, 1161 (Ala.2000): "[A] writ of mandamus is a supervisory order; thus, an appellate court may issue this writ in any situation, within recognized limits, where this writ is necessary to protect the proper judicial administration of the courts." This case presents just such a situation.
The State contends that Rules 14.4(a)(1)(viii) and 26.9(b)(4), Ala.R.Crim. P., as amended effective August 1, 2002, grant a limited right to appeal a guilty plea and that that right was not triggered in this case because Sorsby did not reserve an issue for appeal when he entered his guilty plea nor did he file a motion to withdraw the guilty plea. It cites this Court's opinions in Ingram v. State, 882 So.2d 374 (Ala.Crim.App.2003), Brown v. State, 868 So.2d 477 (Ala.Crim.App.2003), and Williams v. State, 854 So.2d 625 (Ala. Crim.App.2003), in support of its assertions.
In response, Sorsby argues that Rule 14.4(a)(1)(viii), Ala.R.Crim.P., does not apply to a de novo appeal for a trial de novo in the circuit court. He further argues that the only reason the State may move to dismiss such an appeal is when the defendant fails to appear in court. Last, he argues that it was unnecessary for him to file a formal motion to withdraw his guilty plea because, he says, his appeal amounted to a "de facto" withdrawal of his guilty plea.
Rule 14.4, Ala.R.Crim.P., as amended effective August 1, 2002, states:
"(a) Colloquy With Defendant. In all minor misdemeanor cases, the execution of a form similar to Form C-44B will be sufficient and no colloquy shall be required. In all other cases, except where *132 the defendant is a corporation or an association, the court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court for the purposes of:
"(1) Ascertaining that the defendant has a full understanding of what a plea of guilty means and its consequences, by informing the defendant of and determining that the defendant understands:
". . . .
"(viii) The fact that there is no right to appeal unless the defendant has, before entering the plea of guilty, expressly reserved the right to appeal with respect to a particular issue or issues, in which event appellate review shall be limited to a determination of the issue or issues so reserved. . . ."
(Emphasis added.)
Rule 26.9, Ala.R.Crim.P., as amended effective August 1, 2002, states:
(a) Pronouncement of Judgment. Judgment shall be pronounced in open court. A judgment of conviction shall set forth the plea, the verdict, the findings, if any, and the adjudication. If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly.
"(b) Pronouncement of Sentence. In pronouncing sentence, the court shall:
". . . .
"(4) Inform the defendant as to the defendant's right to appeal; provided, however, in cases in which the defendant has entered a plea of guilty, the court shall advise the defendant of his or her right to appeal only in those cases in which the defendant (i) has entered a plea of guilty, but before entering the plea of guilty has expressly reserved his or her right to appeal with respect to a particular issue or issues, or (ii) has timely filed a motion to withdraw the plea of guilty and the motion has been denied, either by order of the court or by operation of law. When informing the defendant of his or her right to appeal, the court shall also advise the defendant that if he or she is indigent, counsel will be appointed to represent him or her on appeal if the defendant so desires, and that a copy of the record and the reporter's transcript will be provided at no cost to the defendant for purposes of appeal, if the appeal is from a judgment and sentence of the circuit court."
(Emphasis added.) The last emphasized portion of the rule quoted above implies that application of this rule is not exclusive to circuit court. The rule recognizes courts other than circuit courts will be accepting guilty pleas.
When it amended Rules 14.4(a)(1)(viii) and 26.9(b)(4), Ala.R.Crim.P., the Supreme Court also amended Rule 2.2(e), Ala. R.Crim.P., to eliminate subsections (1) through (8).[2] Rule 2.2(e), Ala.R.Crim.P., now reads:
"At arraignment on an information following receipt of a defendant's written notice of his or her desire to plead guilty as charged or as a youthful offender upon the granting of youthful-offender status, the court shall proceed as provided in Rule 14.4. If the court does not accept the defendant's guilty plea or denies the defendant's application for *133 youthful-offender status, the court shall proceed as provided by law."
None of Rule 2.2(e), Rule 14.4(a), or Rule 26.9(b) contains any provision that limits the application of the amendments to a guilty plea entered in the circuit court  a court where a defendant has no right to an appeal for a trial de novo.
In Williams v. State, 854 So.2d 625 (Ala. Crim.App.2003), we first addressed the effect of these amendments and held that after August 1, 2002, the effective date of the amendments, a defendant has only a limited right to appeal a guilty plea and that right is triggered either by specifically reserving an issue before the entry of the guilty plea or by filing a motion to withdraw the plea. We stated: "Williams cannot proceed with this appeal because he has failed to invoke the limited right to appeal recognized in the rules as recently amended." 854 So.2d at 627. In Ingram v. State, 882 So.2d 374 (Ala.Crim.App. 2003), we held that to invoke the limited right to appeal a defendant must file a written motion to withdraw the plea  an oral motion is not sufficient.
However, Rule 26.9(b)(4), Ala.R.Crim.P., as amended, provides that before pronouncing sentence the court shall advise the defendant that he or she has only a limited right to appeal a guilty plea, which right is triggered only when a defendant has specifically reserved a particular issue for appeal before the entry of the plea or when the defendant files a motion to withdraw his plea. The sentencing provisions in Rule 26.9, Ala.R.Crim.P., apply to all offenses.[3]
By virtue of the authority granted to the Supreme Court by Amendment no. 328, § 6.11, Ala. Const.1901, that Court has rulemaking authority. The Supreme Court exercised that authority when it revised all of the Alabama Rules of Criminal Procedure that relate to guilty pleas. This evidenced an intent to apply the limited right to appeal a guilty plea to all guilty pleas, no matter how minor the charge to which the defendant is pleading and no matter what court is accepting the plea. The amendments embrace § 15-15-26, Ala.Code 1975, which had previously been superseded by Rule 2.2(e)(5), Ala.R.Crim. P.  a rule that was eliminated effective August 1, 2002. Section 15-15-26 states:
"After the court has heard and considered a plea of guilty by a defendant and has permitted the filing of such plea and sentenced the defendant, such defendant shall not have the right of appeal from the action of the court."
Section 15-15-26, Ala.Code 1975, has effectively been revived.
Alabama is not alone in limiting the right to appeal a conviction based on a guilty plea. See Fla. Stat. Ann. § 924.06(3) (West)("A defendant who pleads guilty with no express reservation of the right to appeal a legally dispositive issue, or a defendant who pleads nolo contendere with no express reservation of the right to appeal a legally dispositive issue, shall have no right to a direct appeal."); Tex.R.App.P. 25.2(a)(2) (appeal of guilty plea is limited to matters raised by written motion or with the trial court's permission to appeal); Smith v. State, 266 Ga. 687, 687, 470 S.E.2d 436, 436 (1996) ("A direct appeal will lie from a judgment of conviction and sentence entered on a guilty plea 'only if the issue on appeal can be resolved by facts appearing in the record.'"); Miss. Code Ann. § 99-35-101() ("Any person convicted of an offense in a circuit court *134 may appeal to the supreme court, provided, however, an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty."); Ark.R.App.Crim. Rule 1(a) ("Except as provided by A.R.Cr.P. 24.3(b) there shall be no appeal from a plea of guilty or nolo contendere.") Some states have specifically addressed appeals for a trial de novo from guilty pleas entered in a lower court. See Mont. Code Ann. § 46-17-203(2)(a)() ("A plea of guilty or nolo contendere in a justice's court, city court, or other court of limited jurisdiction waives the right of trial de novo in district court."); State v. Ball, 104 N.M. 176, 718 P.2d 686 (1986) (no right to de novo appeal from guilty plea entered in metropolitan court because defendant was not "aggrieved" party). As the Supreme Court of New Mexico stated in State v. Ball:
"The decisions of courts of other jurisdictions do little to elucidate New Mexico's statutes, for the extent of the right to appeal from an inferior court judgment following a guilty plea depends upon widely varying statutory language. See 42 A.L.R.2d 995 (1955). Typically, the right of appeal following a guilty plea has been extended in situations in which the inferior court proceeding was procedurally inadequate, inaccurate, oppressive, or constitutionally deficient. See, e.g., North v. Russell, 427 U.S. 328, 96 S.Ct. 2709, 49 L.Ed.2d 534 (1976); Burris v. Davis, 46 Ariz. 127, 46 P.2d 1084 (1935). On the other hand, in situations in which the inferior court system meets constitutional criteria, a surprising number of decisions have held that the `trial de novo' guaranteed by statute is limited in scope. See, e.g., Jenkins v. Canaan Municipal Court, 116 N.H. 616, 366 A.2d 208 (1976) (appeal after guilty plea limited to sentencing questions); State ex rel. Kansas City v. Meyers, 513 S.W.2d 414 (Mo.1974) (appeal after guilty plea limited to questions of jurisdiction, sufficiency of criminal charges, and to appellate review of validity of plea). But see, e.g., State v. Fox, 34 N.C.App. 576, 239 S.E.2d 471 (1977); State ex rel. O'Neill v. Gay, 285 S.E.2d 637 (W.Va.1981) (holding subsequently reversed by legislation forbidding appeals from guilty pleas where defendant was represented by counsel, W.Va.Code § 50-5-13 (Cum.Supp.1985))."
104 N.M. at 182-83, 718 P.2d at 692-93.
We are also aware that in Alabama, Rule 30.1, Ala.R.Crim.P., addresses appeals to the circuit court for a trial de novo after a conviction in either a municipal court or a district court.[4] Rule 30.1(a), Ala.R.Crim.P., states:
"A defendant convicted of an offense in a municipal court or a district court shall have the right to appeal the judgment, within fourteen (14) days of the date of the judgment or the denial of a timely filed post-judgment motion, to the circuit court for a trial de novo."
The Committee Comments to this rule note that the rule applies to guilty pleas entered in the lower court. The comments also state: "This procedure follows present practice authorizing an appeal from `a final judgment' under § 12-12-70 and an appeal 'in any case . . . from entry of judgment' pursuant to § 12-40-70 and specifically supersedes Ala.Code 1975, § 15-15-26, prohibiting appeal from a guilty plea." However, the Committee Comments do not *135 address the recent amendments to Rules 2.2(e), 14.4(a), and 26.9(b)(4), Ala. R.Crim.P.
The Supreme Court drafted the rules limiting the right to appeal a guilty plea long after Rule 30.1, Ala.R.Crim.P., was first adopted. Where there is an inconsistency in rules relating to the same subject, we must give precedence to the later adopted rule. Cf. Baldwin County v. Jenkins, 494 So.2d 584 (Ala.1986).
This interpretation is in keeping with the stated purpose behind the adoption of the Alabama Rules of Criminal Procedure. Rule 1.2, Ala.R.Crim.P., states:
"These rules are intended to provide for the just and speedy determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense, and to protect the rights of the individuals while preserving the public welfare."
We fear that any other interpretation would be inconsistent with the Supreme Court's intent and a gross waste of scant judicial resources. As the United States Supreme Court noted in Lefkowitz v. Newsome, 420 U.S. 283, 289, 95 S.Ct. 886, 43 L.Ed.2d 196 (1974):
"Once the defendant chooses to bypass the orderly procedure for litigating his constitutional claims in order to take the benefits, if any, of a plea of guilty, the State acquires a legitimate expectation of finality in the conviction thereby obtained. Cf. Fay v. Noia, 372 U.S. 391, 438 [(1963)]."
The Rules of Criminal Procedure so amended to limit the right to appeal a guilty plea apply to all guilty pleas, no matter what court accepted the plea.
Sorsby also argues that the State has no right to move to dismiss an appeal for a trial de novo unless the defendant fails to appear. He cites cases that were released before Rules 2.2(e), 14.4(a), and 26.9(b)(4), Ala.R.Crim.P., were amended and that do not address the effect of the amendments on the State's right to move to dismiss an appeal for a trial de novo. These cases are not persuasive.
Sorsby last argues that nothing in Rule 26.9, Ala.R.Crim.P., states that the motion to withdraw a guilty plea must be in writing and thus his notice of appeal to the circuit court was a de facto motion to withdraw his plea of guilty in the district court.[5] We are not persuaded that a notice of appeal and a motion to withdraw a guilty plea are substantively identical. A motion to withdraw a guilty plea seeks action in the court in which it is filed on the merits of the motion. A notice of appeal requires no action on the part of the lower court other than the clerk's forwarding the notice to the appropriate court. Sorsby's notice of appeal was not a de facto motion to withdraw his guilty plea, and we will not treat it as such.
Accordingly, Sorsby failed to preserve his right to appeal his guilty plea, and the circuit court erred in denying the State's motion to dismiss Sorsby's appeal for a trial de novo.
Ultimately, this issue should be decided by the Court that drafted the amendments to the Alabama Rules of Criminal Procedure  the Alabama Supreme Court. We invite the respondent to seek review of this mandamus petition in that Court.
For the foregoing reasons, this petition is due to be, and is hereby, granted. Judge Lichtenstein is directed to grant the *136 State's motion to dismiss Sorsby's appeal for a trial de novo.
PETITION GRANTED; WRIT ISSUED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
SHAW, J., dissents, with opinion.
SHAW, Judge, dissenting.
I cannot agree to effectively abrogate a criminal defendant's statutory right to appeal a district court's judgment to the circuit court for a de novo jury trial. Therefore, I must respectfully dissent.
Rule 30.1(a), Ala.R.Crim.P., provides:
"(a) Trial De Novo. A defendant convicted of an offense in a municipal court or a district court shall have the right to appeal the judgment, within fourteen (14) days of the date of the judgment or the denial of a timely filed post-judgment motion, to the circuit court for a trial de novo."
The Committee Comments to Rule 30.1 state, in pertinent part:
"Under the Judicial Article Implementation Act, the circuit court has jurisdiction of appeals from municipal and district courts. Ala.Code 1975, § 12-11-30.
"The right to appeal from a judgment of a municipal or district court to the circuit court is purely statutory. The right is granted to those parties in a municipal court case in the Judicial Article Implementation Act, Ala.Code 1975, § 12-14-70, and in district court cases under Ala.Code 1975, §§ 12-12-70 and 12-12-71. Ala.Code 1975, § 12-12-72, provides for appeals directly to the appellate courts in certain cases. See, also, §§ 12-12-70(b) and (d).
"Pursuant to Ala.Code 1975, § 12-14-70, a defendant may appeal from the entry of a municipal court judgment in `any case.' Ala.Code 1975, § 12-12-70, provides that in a criminal or quasi-criminal case tried in district court, the defendant may appeal from a final judgment. `For a judgment to be final, it must . . . reflect a complete resolution of each and every matter in controversy. . . . In short, [it] must be conclusive and certain.' Potter v. Owens, 535 So.2d 173, 174 (Ala.Civ.App.1988).
"The term `convicted' in section (a) is used in its usual sense to connote a final judgment on a judicial finding of guilt or a plea of guilty; therefore, pursuant to this rule, the defendant in a criminal case shall be allowed to appeal to the circuit court for a trial de novo even after entering a plea of guilty in district or municipal court. See ABA, Standards for Criminal Justice, Criminal Appeals 21-1.3(a)(iii) (2d ed.1986). This procedure follows present practice authorizing an appeal from `a final judgment' under § 12-12-70 and an appeal 'in any case . . . from entry of judgment' pursuant to § 12-14-70 and specifically supersedes Ala.Code 1975, § 15-15-26, prohibiting appeal following a guilty plea."
(Emphasis added.)
As the Committee Comments note, Rule 30.1 is a general statement of the statutory right of appeal granted a defendant convicted in the district court. See generally H. Maddox, Alabama Rules of Criminal Procedure § 30.1 (4th ed.2004). That right of appeal is set out in § 12-12-70, Ala.Code 1975, which reads, in pertinent part, as follows:
"(b) Criminal cases.  A defendant may appeal from a final judgment of the district court in a criminal or quasi-criminal case by filing notice of appeal within 14 days from the date of judgment or from the date of denial of a post-trial motion, whichever is later, together *137 with such bond as may be fixed by the court, conditioned upon the defendant's appearance before the circuit court; provided, however, that the court may authorize the defendant's release on his own recognizance without any undertaking relating to or deposit of security."
Section 12-12-71, Ala.Code 1975, sets out the right to de novo review by a jury:
"Except as provided in Section 12-12-72 and in subsection (e) of Section 12-15-120, all appeals from final judgments of the district court shall be to the circuit court for trial de novo.
"An appellant shall not be entitled to a jury trial in circuit court unless it is demanded in the notice of appeal, and an appellee shall have no right to a jury trial unless written demand is filed in circuit court within 14 days of service upon him of notice of appeal."
Section 12-11-30(3), Ala.Code 1975, also defines the scope of the circuit court's appellate jurisdiction:
"Appellate. The circuit court shall have appellate jurisdiction of civil, criminal, and juvenile cases in district court and prosecutions for ordinance violations in municipal courts, except in cases in which direct appeal to the Courts of Civil or Criminal Appeals is provided by law or rule. Appeals to the circuit court shall be tried de novo, with or without a jury, as provided by law."
(Emphasis added.)
Under Rule 30, a defendant like Sorsby, convicted of an offense in the district court, whether pursuant to a final judgment entered on a judicial finding of guilt or a plea of guilty, has the right to appeal the judgment to the circuit court for a trial de novo, whether by a jury or by the court, provided that the prerequisites set out in Rule 30.3 are satisfied. It appears to me that Sorsby timely perfected his appeal to the circuit court in accordance with Rule 30.3 and demanded a trial by jury, thereby forgoing the option provided by Rule 30.6, Ala.R.Crim.P., of stipulating to a specific question of law for the circuit court to resolve.[6] Therefore, I see no legal basis for issuing the writ of mandamus directing the circuit court to dismiss Sorsby's de novo appeal.
The majority holds that Rules 14.4(a)(1)(viii) and 26.9(b)(4), Ala.R.Crim. P., as amended effective August 1, 2002, limit the right to appeal a judgment entered on a guilty plea from the district court to the circuit court and that that right is not triggered, even in a case like this one where a de novo jury trial is requested, unless the defendant reserves a specific legal issue for resolution by the circuit court or moves to withdraw the guilty plea. The gravamen of the majority's position is that by revising the rules that relate to guilty pleas, with the exception of Rule 30.1, the Alabama Supreme Court "evidenced an intent to apply the limited right to appeal a guilty plea to all guilty pleas, no matter how minor the charge to which the defendant is pleading and no matter what court is accepting the plea." 12 So.3d at 133. Basically, the majority assumes that the Alabama Supreme Court simply overlooked Rule 30.1 when it amended Rules 2.2(e), 14.4(a), and 26.9(b)(4). I cannot make that assumption.
The right to appeal a district court conviction to the circuit court for de novo *138 review rests on statutory grounds. See the cases collected at 1 Ala. Digest 2d Appeal & Error § 1 (1993). Likewise, the scope of the circuit court's appellate jurisdiction is defined by statute to require de novo review. The majority assumes that the Alabama Supreme Court intended for its amendments to Rules 14.4(a) and 26.9(b)(4) also to apply to, and to modify, Rule 30.1, even though Rule 30.1 was not amended and even though the application of those amended rules to Rule 30.1 has the effect of abrogating the right to de novo review in the circuit court. I believe that the constitutionality of such action on the part of the Alabama Supreme Court would be questionable in light of Alabama's separation-of-powers doctrine. See §§ 42 and 43, Ala. Constitution of 1901. This is necessarily so because requiring the reservation of a specific legal issue or the filing of a motion to withdraw the guilty plea as a prerequisite to the right of appeal to circuit court necessarily limits review in the circuit court to the specific legal issue reserved[7] or to the issue whether the district court's ruling on the motion to withdraw the guilty plea constituted an abuse of discretion. The authority of the circuit court to conduct a de novo review of a district court's judgment entered on a guilty plea, whether by the circuit court itself or the empaneling of a jury, is eliminated. Although Art. VI, § 150, of the Alabama Constitution confers authority on the Supreme Court to make and to promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts, that section specifically prohibits the Court from promulgating any rule that "affect[s] the jurisdiction of circuit . . . courts. . . ." I must assume that the Supreme Court is very much aware of any constitutional restrictions on its rulemaking authority.
To me, it is nonsensical to hold, as the majority does, that Sorsby cannot obtain de novo jury review in the circuit court because he failed to reserve a specific legal issue for resolution by the circuit court or failed to move to withdraw his plea in the district court. By definition, a trial de novo means that the slate is wiped clean and a trial in the circuit court is had without any consideration being given to prior proceedings in another court. See Hulsey v. State, 866 So.2d 1180 (Ala.Crim. App.2003). Indeed, I expect that many defendants opt to plead guilty in the district court for the sole purpose of expediting the appeal process to the circuit court, where they may request a jury trial.
Given that Rule 30 has not been amended; that Rule 30.6 already provides a procedure by which a defendant convicted on a guilty plea in the district court can present specific questions of law to the circuit court; and that the restriction of the scope of a circuit court's appellate jurisdiction raises substantial issues under Alabama's separation-of-powers doctrine, I believe that the Supreme Court's amendments to Rules 14.4(a) and 26.9(b)(4) were more likely intended to be procedural prerequisites to the right of appeal to an appellate court, whose function it is to resolve specific questions of law, not a means by which to abrogate de novo review of a district court conviction by a circuit court exercising statutory appellate jurisdiction. It seems to me that if the Supreme Court had intended for its amendments to Rules 14.4(a) and 26.9(b)(4) to be as broadly applicable as the majority holds, the Court would have made that intent clear by amending Rule 30.
NOTES
[1] Apparently, at the same time Sorsby pleaded guilty to the unlawful possession of a controlled substance and was admitted to a pre-trial diversion program for drug offenders. This mandamus petition does not address this conditional plea.
[2] Subsection (5) previously read: "Upon acceptance of the defendant's plea of guilty and pronouncement and entry of judgment and sentencing, the defendant shall have a right of appeal from the action of the court."
[3] The Committee Comments to this rule state that the right of allocution applies to misdemeanor offenses.
[4] When a defendant appeals to circuit court for a trial de novo the defendant is "`invok[ing] the circuit court's appellate jurisdiction, not its original jurisdiction.'" Hulsey v. State, 866 So.2d 1180, 1186 (Ala.Crim.App. 2003), quoting Blue Cross & Blue Shield of Alabama, Inc. v. Butler, 630 So.2d 413, 416 (Ala. 1993).
[5] In Ingram, supra, we specifically held that an oral motion to withdraw a guilty plea is not sufficient to invoke the limited right to appeal.
[6] Rule 30.6 provides:

"In an appeal to the circuit court from a district or municipal court, the parties may stipulate to the questions of law or fact involved and the circuit court may in its discretion rule on the stipulations alone; provided, however, that the right to a jury trial is waived by all parties entitled to a trial by jury."
[7] Pursuant to Rule 14.4(a)(1)(viii), when a specific issue or issues are reserved for appeal "appellate review shall be limited to a determination of the issue or issues so reserved."