WINDOM, Presiding Judge,
dissenting.
Under Rules 14.4(a)(l)(viii) and 26.9(b), Ala. R.Crim. P., defendants who plead guilty have a limited right to appeal their convictions and sentences. See Ingram v. State, 882 So.2d 374, 375-76 (Ala.Crim.App.2003). The only way to invoke the limited right to appeal a guilty-plea conviction and sentence is to reserve and preserve an issue or to file a motion to withdraw the guilty plea. Williams v. State, 854 So.2d 625, 627 (Ala.Crim.App.2003); Ex parte Sharpley, 935 So.2d 1158, 1161 (Ala.2005); Ingram, 882 So.2d at 376; Fuqua v. State, 912 So.2d 290, 291 (Ala.Crim.App.2005). Further, although “the requirement that ... the defendant be afforded the opportunity to speak on his or her behalf at the sentencing hearing [is an] exeeption[] to the general preservation rule,” Banks v. State, 51 So.3d 386, 392 *680 (Ala.Crim.App.2010), the failure to allow a defendant to allocute is not a jurisdictional defect. See Shaw v. State, 949 So.2d 184 (Ala.Crim.App.2006) (“A claim that a defendant was not afforded the opportunity to address the court before the sentence is imposed is not a jurisdictional claim.”). Robey v. State, 950 So.2d 1235, 1236 (Ala.Crim.App.2006).
When he pleaded guilty, Green did not reserve or preserve any issues for appeal. Further, in his postjudgment motion, Green specifically stated: “Defendant in no way asks that his guilty plea be removed from the record. Defendant still maintains that he pled guilty.” (C. 273-74.) Consequently, Green did not properly invoke his limited right to appeal his guilty-plea conviction and sentence.
Because the failure to allow a defendant to allocute is not a jurisdictional defect and because Green did not properly invoke his limited right to appeal his guilty-plea conviction and sentence, his appeal should be dismissed. Accordingly, I respectfully dissent from the majority’s decision to reverse Green’s sentence.