Rel: May 5, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2022-2023

———————————————

### CR-2022-1135

———————————————

**David Dungan**

**v.**

**State of Alabama**

**Appeal from Washington Circuit Court**
**(CC-21-900008)**

KELLUM, Judge.

David Dungan pleaded guilty to assault in the second degree. See § 13A-6-21, Ala. Code 1975. The trial court sentenced him to 10 years' imprisonment, split the sentence, and ordered him to serve 2 years in

confinement followed by 5 years on probation. Dungan timely filed a notice of appeal. We dismiss.

A defendant who pleads guilty has only a limited right to appeal his or her conviction and sentence, and that limited right must be properly invoked or this Court has no authority to consider the appeal. See Williams v. State, 854 So. 2d 625 (Ala. Crim. App. 2003). A defendant may invoke the right to appeal by expressly reserving the right to appeal a particular issue or issues at the time he or she enters the plea, see Rule 14.4(a)(1)(viii), Ala. R. Crim. P., or by timely filing a motion to withdraw the guilty plea, see Rule 26.9(b)(4)(ii), Ala. R. Crim. P. In addition, this Court has recognized, at least implicitly, that a motion to reconsider sentence is sufficient to invoke the right to appeal. See, e.g., Green v. State, 200 So. 3d 677 (Ala. Crim. App. 2015) (accepting an appeal where the defendant filed a motion to reconsider his sentence but did not file a motion to withdraw his guilty plea, thereby implicitly recognizing that a motion to reconsider sentence was sufficient to invoke the limited right to appeal a guilty-plea conviction and sentence).[1]

---

[1]We likewise implicitly recognized a motion to reconsider sentence as sufficient to invoke the right to appeal a guilty plea in Hyde v. State, 185 So. 3d 501 (Ala. Crim. App. 2015), Walker v. State, 137 So. 3d 943

Dungan did not expressly reserve the right to appeal with respect to any issues at the time he entered his guilty plea, nor did he file a motion to withdraw his guilty plea or any other postjudgment motion. Therefore, he failed to properly invoke his right to appeal, and this appeal is due to be dismissed. See Williams, supra.

In dismissing this appeal, we note that the sole argument Dungan makes on appeal is that the five-year probationary portion of his split sentence is illegal. Dungan is correct. Section 15-18-8(b), Ala. Code 1975, provides, in relevant part:

> "Unless a defendant is sentenced to probation, drug court, or a pretrial diversion program, when a defendant is convicted of an offense that constitutes a Class C or D felony offense and receives a sentence of not more than 15 years, the judge presiding over the case shall order that the convicted defendant be confined in a prison, jail-type institution, treatment institution, or community corrections program for a Class C felony offense or in a consenting community corrections program for a Class D felony offense, except as provided in subsection (e), for a period not exceeding two years in cases where the imposed sentence is not more than 15 years, and that the execution of the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for a period not exceeding three years and upon such terms as the court deems best."

---

(Ala. Crim. App. 2013), and Goodson v. State, 101 So. 3d 804 (Ala. Crim. App. 2012), as well as in a plethora of unpublished memoranda.

(Emphasis added.) The maximum probationary term the trial court could order is three years. Therefore, the five-year probationary term is illegal, and the trial court should conduct another sentencing hearing, at which Dungan is entitled to be present and to be represented by counsel, and resentence Dungan in compliance with § 15-18-8(b). Cf., Ex parte McGowan, 346 So. 3d 10, 16 (Ala. 2021); Thrash v. State, [Ms. CR-20-0992, June 3, 2022] ___ So. 3d ___, ___ (Ala. Crim. App. 2022); and Bloodgood v. State, [Ms. CR-20-0990, February 11, 2022] ___ So. 3d ___, ___ (Ala. Crim. App. 2022) (all recognizing that, even when dismissing an appeal, this Court may note an illegal sentence). Because the 10-year base sentence and the 2-year confinement portion of the split sentence are valid, the trial court may not change them.

APPEAL DISMISSED.

Windom, P.J., and Cole and Minor, JJ., concur. McCool, J., concurs in the result.