PER CURIAM.
The State of Alabama filed this petition for a writ of mandamus directing Judge David N. Lichtenstein to grant the State’s motion to dismiss William Kenneth Sors-by’s appeal for a trial de novo. On March 8, 2005, Sorsby pleaded guilty in the Jefferson District Court to driving under the influence.[1] On March 11, 2005, Sorsby filed a notice of appeal for a trial de novo in the Jefferson Circuit Court. On July 14, 2005, the State moved that the appeal be dismissed because, it argued, the circuit court lacked jurisdiction to consider the appeal in that when he pleaded guilty Sorsby did not reserve any issue for appeal and did not file a motion to withdraw his plea. On July 25, 2005, Judge Lichtenstein denied the State’s motion to dismiss. This petition followed. We stayed action in the circuit court pending the resolution of this mandamus petition.
Initially, we note that the State has no means of seeking review of this issue except by a petition for a writ of mandamus. As the Alabama Supreme Court stated in Ex parte Sullivan, 779 So.2d 1157, 1161 (Ala.2000): “[A] writ of mandamus is a supervisory order; thus, an appellate court may issue this writ in any situation, within recognized limits, where this writ is necessary to protect the proper judicial administration of the courts.” This case presents just such a situation.
The State contends that Rules 14.4(a)(1)(viii) and 26.9(b)(4), Ala.R.Crim. P., as amended effective August 1, 2002, grant a limited right to appeal a guilty plea and that that right was not triggered in this case because Sorsby did not reserve an issue for appeal when he entered his guilty plea nor did he file a motion to withdraw the guilty plea. It cites this Court’s opinions in Ingram v. State, 882 So.2d 374 (Ala.Crim.App.2003), Brown v. State, 868 So.2d 477 (Ala.Crim.App.2003), and Williams v. State, 854 So.2d 625 (Ala. Crim.App.2003), in support of its assertions.
In response, Sorsby argues that Rule 14.4(a)(l)(viii), Ala.R.Crim.P., does not apply to a de novo appeal for a trial de novo in the circuit court. He further argues that the only reason the State may move to dismiss such an appeal is when the defendant fails to appear in court. Last, he argues that it was unnecessary for him to file a formal motion to withdraw his guilty plea because, he says, his appeal amounted to a “de facto” withdrawal of his guilty plea.
Rule 14.4, Ala.R.Crim.P., as amended effective August 1, 2002, states:
“(a) Colloquy With Defendant. In all minor misdemeanor cases, the execution of a form similar to Form C-44B will be sufficient and no colloquy shall be required. In all other cases, except where *132 the defendant is a corporation or an association, the court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court for the purposes of:
“(1) Ascertaining that the defendant has a full understanding of what a plea of guilty means and its consequences, by informing the defendant of and determining that the defendant understands:
[[Image here]]
“(viii) The fact that there is no right to appeal unless the defendant has, before entering the plea of guilty, expressly reserved the right to appeal with respect to a particular issue or issues, in which event appellate review shall be limited to a determination of the issue or issues so reserved
[[Image here]]
(Emphasis added.)
Rule 26.9, Ala.R.Crim.P., as amended effective August 1, 2002, states:
(a) Pronouncement of Judgment. Judgment shall be pronounced in open court. A judgment of conviction shall set forth the plea, the verdict, the findings, if any, and the adjudication. If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly.
“(b) Pronouncement of Sentence. In pronouncing sentence, the court shall:
[[Image here]]
“(4) Inform the defendant as to the defendant’s right to appeal; provided, however, in cases in which the defendant has entered a plea of guilty, the court shall advise the defendant of his or her right to appeal only in those cases in which the defendant (i) has entered a plea of guilty, but before entering the plea of guilty has expressly reserved his or her right to appeal with respect to a particular issue or issues, or (ii) has timely filed a motion to withdraw the plea of guilty and the motion has been denied, either by order of the court or by operation of law. When informing the defendant of his or her right to appeal, the court shall also advise the defendant that if he or she is indigent, counsel will be appointed to represent him or her on appeal if the defendant so desires, and that a copy of the record and the reporter’s transcript will be provided at no cost to the defendant for purposes of appeal, if the appeal is from a judgment and sentence of the circuit court.”
(Emphasis added.) The last emphasized portion of the rule quoted above implies that application of this rule is not exclusive to circuit court. The rule recognizes courts other than circuit courts will be accepting guilty pleas.
When it amended Rules 14.4(a)(l)(viii) and 26.9(b)(4), Ala.R.Crim.P., the Supreme Court also amended Rule 2.2(e), Ala. R.Crim.P., to eliminate subsections (1) through (8).[2] Rule 2.2(e), Ala.R.Crim.P., now reads:
“At arraignment on an information following receipt of a defendant’s written notice of his or her desire to plead guilty as charged or as a youthful offender upon the granting of youthful-offender status, the court shall proceed as provided in Rule 14.4. If the court does not accept the defendant’s guilty plea or denies the defendant’s application for *133 youthful-offender status, the court shall proceed as provided by law.”
None of Rule 2.2(e), Rule 14.4(a), or Rule 26.9(b) contains any provision that limits the application of the amendments to a guilty plea entered in the circuit court — a court where a defendant has no right to an appeal for a trial de novo.
In Williams v. State, 854 So.2d 625 (Ala. Crim.App.2008), we first addressed the effect of these amendments and held that after August 1, 2002, the effective date of the amendments, a defendant has only a limited right to appeal a guilty plea and that right is triggered either by specifically reserving an issue before the entry of the guilty plea or by filing a motion to withdraw the plea. We stated: “Williams cannot proceed with this appeal because he has failed to invoke the limited right to appeal recognized in the rules as recently amended.” 854 So.2d at 627. In Ingram v. State, 882 So.2d 374 (Ala.Crim.App. 2003), we held that to invoke the limited right to appeal a defendant must file a written motion to withdraw the plea — an oral motion is not sufficient.
However, Rule 26.9(b)(4), Ala.R.Crim.P., as amended, provides that before pronouncing sentence the court shall advise the defendant that he or she has only a limited right to appeal a guilty plea, which right is triggered only when a defendant has specifically reserved a particular issue for appeal before the entry of the plea or when the defendant files a motion to withdraw his plea. The sentencing provisions in Rule 26.9, Ala.R.Crim.P., apply to all offenses.[3]
By virtue of the authority granted to the Supreme Court by Amendment no. 328, § 6.11, Ala. Const.1901, that Court has rulemaking authority. The Supreme Court exercised that authority when it revised all of the Alabama Rules of Criminal Procedure that relate to guilty pleas. This evidenced an intent to apply the limited right to appeal a guilty plea to all guilty pleas, no matter how minor the charge to which the defendant is pleading and no matter what court is accepting the plea. The amendments embrace § 15-15-26, Ala.Code 1975, which had previously been superseded by Rule 2.2(e)(5), Ala.R.Crim. P. — a rule that was eliminated effective August 1, 2002. Section 15-15-26 states:
“After the court has heard and considered a plea of guilty by a defendant and has permitted the filing of such plea and sentenced the defendant, such defendant shall not have the right of appeal from the action of the court.”
Section 15-15-26, Ala.Code 1975, has effectively been revived.
Alabama is not alone in limiting the right to appeal a conviction based on a guilty plea. See Fla. Stat. Ann. § 924.06(3) (West)(“A defendant who pleads guilty with no express reservation of the right to appeal a legally dispositive issue, or a defendant who pleads nolo con-tendere with no express reservation of the right to appeal a legally dispositive issue, shall have no right to a direct appeal.”); Tex.R.App.P. 25.2(a)(2) (appeal of guilty plea is limited to matters raised by written motion or with the trial court’s permission to appeal); Smith v. State, 266 Ga. 687, 687, 470 S.E.2d 436, 436 (1996) (“A direct appeal will lie from a judgment of conviction and sentence entered on a guilty plea ‘only if the issue on appeal can be resolved by facts appearing in the record.’ ”); Miss. Code Ann. § 99-35-101 (“Any person convicted of an offense in a circuit court may *134 appeal to the supreme court, provided, however, an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty.”); Ark.R.App., Crim. Rule 1(a) (“Except as provided by A.R.Cr.P. 24.3(b) there shall be no appeal from a plea of guilty or nolo contendere.”) Some states have specifically addressed appeals for a trial de novo from guilty pleas entered in a lower court. See MontCode Ann. § 46-17-208(2)(a) (“A plea of guilty or nolo contendere in a justice’s court, city court, or other court of limited jurisdiction waives the right of trial de novo in district court.”); State v. Ball, 104 N.M. 176, 718 P.2d 686 (1986) (no right to de novo appeal from guilty plea entered in metropolitan court because defendant was not “aggrieved” party). As the Supreme Court of New Mexico stated in State v. Ball:
“The decisions of courts of other jurisdictions do little to elucidate New Mexico’s statutes, for the extent of the right to appeal from an inferior court judgment following a guilty plea depends upon widely varying statutory language. See 42 A.L.R.2d 995 (1955). Typically, the right of appeal following a guilty plea has been extended in situations in which the inferior court proceeding was procedurally inadequate, inaccurate, oppressive, or constitutionally deficient. See, e.g., North v. Russell, 427 U.S. 328, 96 S.Ct. 2709, 49 L.Ed.2d 534 (1976); Burris v. Davis, 46 Ariz. 127, 46 P.2d 1084 (1935). On the other hand, in situations in which the inferior court system meets constitutional criteria, a surprising number of decisions have held that the ‘trial de novo’ guaranteed by statute is limited in scope. See, e.g., Jenkins v. Canaan Municipal Court, 116 N.H. 616, 366 A.2d 208 (1976) (appeal after guilty plea limited to sentencing questions); State ex rel. Kansas City v. Meyers, 513 S.W.2d 414 (Mo.1974) (appeal after guilty plea limited to questions of jurisdiction, sufficiency of criminal charges, and to appellate review of validity of plea). But see, e.g., State v. Fox, 34 N.C.App. 576, 239 S.E.2d 471 (1977); State ex rel. O’Neill v. Gay, 285 S.E.2d 637 (W.Va.1981) (holding subsequently reversed by legislation forbidding appeals from guilty pleas where defendant was represented by counsel, W.Va.Code § 50-5-13 (Cum.Supp.1985)).”
104 N.M. at 182-83, 718 P.2d at 692-93.
We are also aware that in Alabama, Rule 30.1, Ala.R.Crim.P., addresses appeals to the circuit court for a trial de novo after a conviction in either a municipal court or a district court.[4] Rule 30.1(a), Ala.R.Crim.P., states:
“A defendant convicted of an offense in a municipal court or a district court shall have the right to appeal the judgment, within fourteen (14) days of the date of the judgment or the denial of a timely filed post-judgment motion, to the circuit court for a trial de novo.”
The Committee Comments to this rule note that the rule applies to guilty pleas entered in the lower court. The comments also state: “This procedure follows present practice authorizing an appeal from ‘a final judgment’ under § 12-12-70 and an appeal ‘in any case ... from entry of judgment’ pursuant to § 12-40-70 and specifically supersedes Ala.Code 1975, § 15-15-26, prohibiting appeal from a guilty plea.” However, the Committee Comments do not *135 address the recent amendments to Rules 2.2(e), 14.4(a), and 26.9(b)(4), Ala. R.Crim.P.
The Supreme Court drafted the rules limiting the right to appeal a guilty plea long after Rule 30.1, Ala.R.Crim.P., was first adopted. Where there is an inconsistency in rules relating to the same subject, we must give precedence to the later adopted rule. Cf. Baldwin County v. Jenkins, 494 So.2d 584 (Ala.1986).
This interpretation is in keeping with the stated purpose behind the adoption of the Alabama Rules of Criminal Procedure. Rule 1.2, Ala.R.Crim.P., states:
“These rules are intended to provide for the just and speedy determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense, and to protect the rights of the individuals while preserving the public welfare.”
We fear that any other interpretation would be inconsistent with the Supreme Court’s intent and a gross waste of scant judicial resources. As the United States Supreme Court noted in Lefkowitz v. Newsome, 420 U.S. 283, 289, 95 S.Ct. 886, 43 L.Ed.2d 196 (1974):
“Once the defendant chooses to bypass the orderly procedure for litigating his constitutional claims in order to take the benefits, if any, of a plea of guilty, the State acquires a legitimate expectation of finality in the conviction thereby obtained. Cf. Fay v. Noia, 372 U.S. 391, 438 [(1963)].”
The Rules of Criminal Procedure so amended to limit the right to appeal a guilty plea apply to all guilty pleas, no matter what court accepted the plea.
Sorsby also argues that the State has no right to move to dismiss an appeal for a trial de novo unless the defendant fails to appear. He cites eases that were released before Rules 2.2(e), 14.4(a), and 26.9(b)(4), Ala.R.Crim.P., were amended and that do not address the effect of the amendments on the State’s right to move to dismiss an appeal for a trial de novo. These cases are not persuasive.
Sorsby last argues that nothing in Rule 26.9, Ala.R.Crim.P., states that the motion to withdraw a guilty plea must be in writing and thus his notice of appeal to the circuit court was a de facto motion to withdraw his plea of guilty in the district court.[5] We are not persuaded that a notice of appeal and a motion to withdraw a guilty plea are substantively identical. A motion to withdraw a guilty plea seeks action in the court in which it is filed on the merits of the motion. A notice of appeal requires no action on the part of the lower court other than the clerk’s forwarding the notice to the appropriate court. Sorsby’s notice of appeal was not a de facto motion to withdraw his guilty plea, and we will not treat it as such.
Accordingly, Sorsby failed to preserve his right to appeal his guilty plea, and the circuit court erred in denying the State’s motion to dismiss Sorsby’s appeal for a trial de novo.
Ultimately, this issue should be decided by the Court that drafted the amendments to the Alabama Rules of Criminal Procedure — the Alabama Supreme Court. We invite the respondent to seek review of this mandamus petition in that Court.
For the foregoing reasons, this petition is due to be, and is hereby, granted. Judge Lichtenstein is directed to grant the *136 State’s motion to dismiss Sorsby’s appeal for a trial de novo.
PETITION GRANTED; WRIT ISSUED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ„ concur.
SHAW, J., dissents, with opinion.

. Apparently, at the same time Sorsby pleaded guilty to the unlawful possession of a controlled substance and was admitted to a pretrial diversion program for drug offenders. This mandamus petition does not address this conditional plea.

. Subsection (5) previously read: “Upon acceptance of the defendant’s plea of guilty and pronouncement and entry of judgment and sentencing, the defendant shall have a right of appeal from the action of the court."

. The Committee Comments to this rule state that the right of allocution applies to misdemeanor offenses.

. When a defendant appeals to circuit court for a trial de novo the defendant is " 'in-vok[ing] the circuit court's appellate jurisdiction, not its original jurisdiction.' ” Hulsey v. State, 866 So.2d 1180, 1186 (Ala.Crim.App. 2003), quoting Blue Cross & Blue Shield of Alabama, Inc. v. Butler, 630 So.2d 413, 416 (Ala. 1993).

. In Ingram, supra, we specifically held that an oral motion to withdraw a guilty plea is not sufficient to invoke the limited right to appeal.