12 So.3d 139 (2007)
Ex parte William Kenneth SORSBY.
(In re Ex parte State of Alabama (In re State of Alabama v. William Kenneth Sorsby)).
1050636.
Supreme Court of Alabama.
October 19, 2007.
*140 J. Edmund Odum, Jr., Birmingham, for petitioner.
M. David Barber, district atty., and J. Michael Philpott, deputy district atty., Birmingham, for respondent.
BOLIN, Justice.
On March 3, 2005, William Kenneth Sorsby pleaded guilty in the District Court of Jefferson County to driving under the influence, in violation of § 32-5A-191(a)(3), *141 Ala.Code 1975.[1] At the time he entered his guilty plea, Sorsby did not waive his right to appeal. On March 11, 2005, Sorsby filed a notice of appeal seeking a trial de novo in the Jefferson Circuit Court. On July 14, 2005, the State moved that the appeal be dismissed, arguing that the circuit court lacked jurisdiction to consider the appeal because, when Sorsby pleaded guilty, he did not reserve any issue for appeal and he did not file a motion to withdraw his guilty plea. On July 25, 2005, the circuit court denied the State's motion to dismiss. The State then filed a petition for a writ of mandamus asking the Court of Criminal Appeals to direct the circuit judge to grant the State's motion to dismiss Sorsby's appeal. The Court of Criminal Appeals granted the State's petition and issued the writ. State v. Sorsby, 12 So.3d 130 (Ala.Crim.App.2005). Judge Shaw dissented, with an opinion. Sorsby then petitioned this Court for a writ of certiorari to review the decision of the Court of Criminal Appeals.
We granted certiorari review to address whether the Alabama Rules of Criminal Procedure limit the right to appeal a district court's judgment to the circuit court for a trial de novo following a guilty plea when the defendant did not reserve any issue for appeal and did not file a motion to withdraw his guilty plea.

State's petition for a writ of mandamus to the Court of Criminal Appeals
The State argued before the Court of Criminal Appeals that Rule 14.4(a)(1), Ala. R.Crim. P. (addressing the reservation of issues when entering a guilty plea), and Rule 26.9(b)(4), Ala. R.Crim. P. (requiring the court to inform the defendant that he must reserve an issue or file a motion to withdraw the guilty plea if he wants to appeal), limit the right to appeal a guilty plea and that Sorsby has no right to appeal his guilty plea because he did not reserve an issue for appeal nor did he file a motion to withdraw his guilty plea. Sorsby argued that Rule 14.4(a)(1) does not apply to an appeal from a conviction in the district court for a trial de novo in the circuit court. He further argued that the only reason the State may move to dismiss an appeal to the circuit court is when the defendant fails to appear in court. Last, he argued that it was unnecessary for him to file a formal motion to withdraw his guilty plea because his appeal to the circuit court for a trial de novo amounted to a "de facto" withdrawal of his guilty plea.
The Court of Criminal Appeals held that when this Court in 2002, pursuant to its rule-making authority under Amendment No. 328, § 6.11, Ala. Const.1901 (now § 150, Ala. Const. 1901 (Off.Recomp.)), amended Rule 2.2(e), Ala. R.Crim. P. (setting out the procedure when a case is appealed from the municipal or the district court to the circuit court), Rule 14.4(a)(1), Ala. R.Crim. P., and Rule 26.9(b)(4), Ala. R.Crim. P., it did not include in these amended rules any provision limiting the application of the amendments to a guilty plea entered in the circuit court, where a defendant has no right to an appeal for a trial de novo. In other words, the Court of Criminal Appeals held that, in amending these rules, this Court evidenced an intent to apply the limited right to appeal a guilty plea to all guilty pleas, no matter how minor the charge to which the defendant is pleading and no matter what trial court is accepting the plea. The Court of Criminal Appeals recognized that Rule 30.1, Ala. *142 R.Crim. P., addresses appeals to the circuit court for a trial de novo after a conviction in either a municipal court or a district court and that that rule applies to guilty pleas entered in the lower court. However, the Court of Criminal Appeals noted that Rules 2.2, 14.4, and 26.9 were amended after Rule 30.1 was adopted, and that when there is an inconsistency in the rules, courts give precedence to the later adopted rule. Last, the Court of Criminal Appeals held that Sorsby's motion to appeal his guilty plea was not a de facto motion to withdraw his guilty plea because a motion to withdraw a guilty plea seeks action in the court in which it is filed and a notice of appeal requires no action by that court other than to forward the notice of appeal to the appropriate court. The Court of Criminal Appeals recognized that this issue should be decided by this Court, which adopted the amendments to the Alabama Rules of Criminal Procedure.
In his dissent, Judge Shaw wrote that the majority of the Court of Criminal Appeals has effectively abrogated a criminal defendant's statutory right to appeal a district court's judgment to the circuit court for a de novo jury trial. He wrote that Rule 30.1, Ala. R.Crim. P., and the Committee Comments to that rule indicate that Rule 30.1 is a general statement of the statutory right of appeal granted a criminal defendant convicted in the district court. He contended that the majority opinion of the Court of Criminal Appeals assumes that this Court simply overlooked Rule 30.1 when it amended Rules 2.2(e), 14.4(a)(1), and 26.9(b)(4). He wrote that although this Court has the authority to promulgate rules governing the administration of all courts, this Court is prohibited from promulgating any rule that affects the jurisdiction of the circuit courts. Judge Shaw also wrote that by definition a trial de novo means that the slate is wiped clean and a trial in the circuit court is had without any consideration given to prior proceedings in another court.

Sorsby's petition to this Court for a writ of certiorari
Sorsby argues that the Court of Criminal Appeals erred in concluding that this Court's amendments to Rule 2.2(e), Rule 14.4(a)(1), and Rule 26.9(b)(4) limit a defendant's right to appeal from a guilty plea entered in the district court for a trial de novo in the circuit court because, he argues, such a limitation violates the United States Constitution and the Alabama Constitution in that it places an undue burden on an individual attempting to exercise his right to a jury trial. Sorsby argues that the majority opinion of the Court of Criminal Appeals also violates §§ 12-11-30, 12-12-70, 12-12-71, and 12-14-70, Ala.Code 1975, all four of which grant a criminal defendant tried before a district or a municipal court the right to appeal the case to the circuit court for a jury trial. He argues that the Court of Criminal Appeals' opinion effectively nullifies Rule 30.1, Ala. R.Crim. P., and unduly limits the circuit court's jurisdiction in cases seeking a de novo appeal to the circuit court from a conviction in a district or a municipal court. Sorsby contends that the plain reading of Rules 2.2(e), 14.4(a), and 26.9(b)(4), Ala. R.Crim. P., indicates that those rules were never intended to apply to appeals seeking a trial de novo under Rule 30.1.
The State argues that the 2002 amendments to Rules 14.4 and 26.9 place reasonable limits on a defendant's right to appeal a conviction resulting from a knowing and voluntary guilty plea. Under the rules as amended, the State argues, a criminal defendant waives his absolute right to appeal when he enters a guilty plea and may only appeal when certain statutory conditions have been met, i.e., when specific issues *143 are reserved for appeal or a motion is filed seeking a withdrawal of the guilty plea.
The State contends that because jurisdiction over misdemeanors originates in either the municipal court or the district court, one of those courts must find the defendant guilty before the right to appeal for a trial de novo may be invoked. One way for this to occur is when a defendant is found guilty following a bench trial. Another way is following a stipulation to the facts as alleged by the State, which essentially allows a defendant to bypass a bench trial and appeal immediately to the circuit court for a trial de novo. The State contends that a guilty plea is inherently different from either of the above scenarios because it requires an admission of guilt by the criminal defendant. Also, the State contends that a guilty plea is often the result of negotiations, which may include, for example, recommendations for a specified sentence, promises not to oppose probation, or an offer to reduce the charge to a lesser offense. The State argues that a guilty plea based on a plea agreement adds certainty and finality to a criminal case and that if a defendant were allowed to plead guilty pursuant to a plea agreement and then to have the right to an unlimited appeal from that guilty plea the certainty and finality of plea agreements negotiated at the municipal or the district court level would mean nothing.

Analysis
Section 12-12-70(b) and (d), Ala.Code 1975, provide for the right to appeal a final judgment of the district court in a criminal case. Section 12-12-71, Ala.Code 1975, provides that all appeals from final judgments of the district court shall be to the circuit court for trial de novo and allows a jury trial if the appellant demands one in the notice of appeal. Section 12-11-30(3), Ala.Code 1975, sets out the circuit court's appellate jurisdiction, providing that the circuit court has appellate jurisdiction to try de novo a criminal conviction appealed from the district court.
In 1990, this Court, pursuant to its constitutional authority to promulgate rules governing practice and procedure in the lower courts, adopted the Alabama Rules of Criminal Procedure, which were effective January 1, 1991. Rule 30.1(a) provides that a defendant convicted of an offense in the municipal or the district court shall have the right to appeal the judgment to the circuit court within 14 days of the judgment or of the denial of a timely filed postjudgment motion. The Committee Comments to Rule 30.1 state, in pertinent part:
"Under the Judicial Article Implementation Act, the circuit court has jurisdiction of appeals from municipal and district courts. Ala.Code 1975, § 12-11-30.
"The right to appeal from a judgment of a municipal or district court to the circuit court is purely statutory. The right is granted to those parties in a municipal court case in the Judicial Article Implementation Act, Ala.Code 1975, § 12-14-70, and in district court cases under Ala.Code 1975, §§ 12-12-70 and 12-12-71. Ala.Code 1975, § 12-12-72, provides for appeals directly to the appellate courts in certain cases. See, also, §§ 12-12-70(b) and (d).
"Pursuant to Ala.Code 1975, § 12-14-70, a defendant may appeal from the entry of a municipal court judgment in `any case.' Ala.Code 1975, § 12-12-70, provides that in a criminal or quasi-criminal case tried in district court, the defendant may appeal from a final judgment. `For a judgment to be final, it must . . . reflect a complete resolution of each and every matter in controversy. . . . In short, [it] must be conclusive *144 and certain.' Potter v. Owens, 535 So.2d 173, 174 (Ala.Civ.App.1988).
"The term `convicted' in section (a) is used in its usual sense to connote a final judgment on a judicial finding of guilt or a plea of guilty; therefore, pursuant to this rule, the defendant in a criminal case shall be allowed to appeal to the circuit court for a trial de novo even after entering a plea of guilty in district or municipal court. See ABA, Standards for Criminal Justice, Criminal Appeals 21-1.3(a)(iii) (2d ed.1986). This procedure follows present practice authorizing an appeal from `a final judgment' under § 12-12-70 and an appeal `in any case . . . from entry of judgment' pursuant to § 12-14-70 and specifically supersedes Ala.Code 1975, § 15-15-26, prohibiting appeal following a guilty plea."
(Emphasis added.)
In 2002, this Court amended certain Rules of Criminal Procedure limiting the right to appeal a judgment entered on a guilty plea. The 2002 amendment to Rule 14.4 limited appellate review of a guilty-plea proceeding. Before the 2002 amendment to Rule 2.2, Rule 2.2(e)(5) specifically provided that "upon acceptance of defendant's plea of guilty and pronouncement and entry of judgment and sentencing, the defendant shall have a right of appeal from the action of the court." When Rule 14.4 was amended in 2002, Rule 2.2 was amended to delete Rule 2.2(e)(1) through (6), including any reference to a defendant's right to appeal a guilty plea. Rule 2.2(e) now reads:
"(e) Proceeding on Information.
"At arraignment on an information following receipt of a defendant's written notice of his or her desire to plead guilty as charged or as a youthful offender upon the granting of youthful-offender status, the court shall proceed as provided in Rule 14.4. If the court does not accept the defendant's guilty plea or denies the defendant's application for youthful-offender status, the court shall proceed as provided by law."
Rule 14.4, Ala. R.Crim. P., as amended effective August 1, 2002, provides:
"(a) Colloquy With Defendant. In all minor misdemeanor cases, the execution of a form similar to Form C-44B will be sufficient and no colloquy shall be required. In all other cases, except where the defendant is a corporation or an association, the court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court for the purposes of:
"(1) Ascertaining that the defendant has a full understanding of what a plea of guilty means and its consequences, by informing the defendant of and determining that the defendant understands:
". . . .
"(viii) The fact that there is no right to appeal unless the defendant has, before entering the plea of guilty, expressly reserved the right to appeal with respect to a particular issue or issues, in which event appellate review shall be limited to a determination of the issue or issues so reserved. . . ."
(Emphasis added.)
Rule 26.9, Ala. R.Crim. P., as amended in 2002, now reads:
"(a) Pronouncement of Judgment. Judgment shall be pronounced in open court. A judgment of conviction shall set forth the plea, the verdict, the findings, if any, and the adjudication. If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly.

*145 "(b) Pronouncement of Sentence. In pronouncing sentence, the court shall:
". . . .
"(4) Inform the defendant as to the defendant's right to appeal; provided, however, in cases in which the defendant has entered a plea of guilty, the court shall advise the defendant of his or her right to appeal only in those cases in which the defendant (i) has entered a plea of guilty, but before entering the plea of guilty has expressly reserved his or her right to appeal with respect to a particular issue or issues, or (ii) has timely filed a motion to withdraw the plea of guilty and the motion has been denied, either by order of the court or by operation of law. When informing the defendant of his or her right to appeal, the court shall also advise the defendant that if he or she is indigent, counsel will be appointed to represent him or her on appeal if the defendant so desires, and that a copy of the record and the reporter's transcript will be provided at no cost to the defendant for purposes of appeal, if the appeal is from a judgment and sentence of the circuit court."
(Emphasis added.)
This Court's rule-making authority as set out in Amendment No. 328, § 6.11, provides that this Court may promulgate rules governing procedure in the courts of this State. "The mandate to this Court in § 6.11 to make and promulgate . . . rules governing practice and procedure in all courts is an empowerment by and from the people; it does not depend on legislative enactment for its existence or implementation." Schoenvogel v. Venator Group Retail, Inc., 895 So.2d 225, 234 (Ala.2004). However, "such rules shall not abridge, enlarge or modify the substantive right of any party nor affect the jurisdiction of circuit and district courts of venue of actions therein. . . ." Amendment No. 328, § 6.11. The right to appeal to the circuit court a final judgment in the district court for de novo review is based on § 12-12-70, and a defendant's right to a jury trial in the circuit court is set out in § 12-12-71. The circuit court's appellate jurisdiction is set out in § 12-11-30, which provides for a trial de novo of criminal misdemeanor convictions.
Rule 30.3(a), Ala. R.Crim. P., establishes the time for filing a notice of appeal from the final judgment of a municipal or a district court to the circuit court for a trial de novo in accordance with § 12-14-70(c) and § 12-12-70(b), respectively. Rule 30.6 provides that in an appeal from the district or the municipal court to the circuit court, the parties may stipulate to the questions of law or fact involved and the circuit court may in its discretion rule on the stipulations, provided that any party entitled to a jury trial has waived that right.
In this case, Sorsby timely perfected his appeal to the circuit court for a trial de novo in accordance with Rule 30.3, forgoing the option of stipulating to a question of law or fact for the circuit court to decide. Rules 2.2, 14.4, and 26.9 do not limit the right of a defendant in the district or the municipal court to appeal because Rule 30.1, in accordance with § 12-12-70, § 12-14-70, and § 12-11-30, provides for a trial de novo, and Rule 30.6 sets out a procedure by which a defendant convicted in the district or the municipal court can limit his appeal to the circuit court to specific questions of law or fact. Requiring a defendant in a municipal or a district court to reserve a particular issue on appeal to the circuit court limits the review by the circuit court in derogation of §§ 12-12-70, 12-12-71, 12-14-70, and 12-11-30 and conflicts with Rule 30.6, which allows the defendant to waive his right to a jury *146 trial in order to have the circuit court address a particular issue. Additionally, requiring the defendant to file a motion to withdraw his guilty plea limits the defendant's right to de novo review in the circuit court because the circuit court's review will be limited to whether the district or the municipal court exceeded its discretion in ruling on the motion to withdraw the guilty plea. See Ex parte Heaton, 542 So.2d 931, 933 (Ala.1989) ("The law in Alabama is clear that whether a defendant should be allowed to withdraw a plea of guilty is a matter solely within the discretion of the trial court, whose decision will not be disturbed on appeal absent an abuse of that discretion.").
A trial de novo is "[a] new trial on the entire casethat is, on both questions of fact and issues of lawconducted as if there had been no trial in the first instance." Black's Law Dictionary 1544 (8th ed.1990). In Louisville & Nashville R.R. v. Lancaster, 121 Ala. 471, 473-74, 25 So. 733, 735 (1899), this Court stated:
"[After appeal from a judgment of a justice of the peace] the case is to be tried in the circuit court de novo; or, in other words, as if no trial had ever been had, and just as if it had originated in the circuit court. The appeal when taken operates to annul and vacate the entire judgment of the justice of the peace, and not a part only of the judgment. The judgment of the justice cannot upon the trial in the circuit court be looked to as a matter of evidence or of estoppel. `The judgment of the justice is not reversed or affirmed; but a new, distinct, and independent judgment, as may be required by the merits shown on the trial, is rendered by the city or circuit court.' Abraham v. Alford, 64 Ala. 281 [(1879)]; Harsh et al. v. Heflin, 76 Ala. 499 [(1884)]."
(Final emphasis added.) At the district court level, whether Sorsby is found guilty following a bench trial, stipulates to the facts as alleged by the State in order to be found guilty, or pleads guilty, review in the circuit court is by trial de novo without any consideration being given to the prior proceedings in the district court.
We note that the State contends that the certainty and finality of negotiated plea agreements would mean nothing at the municipal or the district court level if a defendant is allowed to appeal to the circuit court for de novo review after pleading guilty. The Court of Criminal Appeals has held, and we agree, that a defendant can waive his right to appeal as part of a negotiated plea agreement so long as he is fully advised of the implications of doing so and he voluntarily agrees to enter into the agreement. Watkins v. State, 659 So.2d 688 (Ala.Crim.App.1994). We also agree with the Court of Criminal Appeals' holding that a defendant may also waive his right to appeal from the district court to the circuit court for trial de novo as part of a negotiated plea agreement so long as he is fully advised of the implications of doing so and he voluntarily agrees to enter into the agreement under which he expressly waives his right to appeal. Jones v. State, 675 So.2d 69 (Ala.Crim.App.1995).
We now specifically address several points raised in the Court of Criminal Appeals' opinion. The Court of Criminal Appeals held that Rule 30.1 is inconsistent with Rules 2.2, 14.4, and 26.9 following this Court's amendments to those rules in 2002. It cites Baldwin County v. Jenkins, 494 So.2d 584 (Ala.1986), for the proposition that when there is an inconsistency in rules relating to the same subject matter, the later adopted rule controls. Baldwin County v. Jenkins invokes the well-recognized rule of statutory construction that in cases of conflicting statutes on the same *147 subject, the latest expression of the legislature must take precedence; that rule, however, does not apply in this situation.
As the Court of Criminal Appeals also noted, Rule 1.2, Ala. R.Crim. P., states that the Rules of Criminal Procedure are intended to provide for the just and speedy determination of every criminal proceeding and are to be construed to secure simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense, and to protect the rights of the individual while preserving the public welfare. "[The rule] sets forth a principle of interpretation to be used in construing ambiguous rules, not a principle of law superseding clear rules that do not achieve the stated objectives. It does not, that is to say, provide that rules shall be construed to mean something other than what they plainly say.. . ." Carlisle v. United States, 517 U.S. 416, 424, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996) (discussing Rule 2, Fed.R.Crim.P., which provides: "These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay."). Any ambiguity in applying Rules 2.2, 14.4, and 26.9 in conjunction with Rule 30.1 is easily resolved when viewed in light of the circuit court's statutory appellate jurisdiction to conduct a trial de novo of cases charging a criminal misdemeanor. This Court cannot "abridge, enlarge, or modify" the jurisdiction of the courts.
The Court of Criminal Appeals states in its opinion that the 2002 amendments to Rules 2.2, 14.4, and 26.9 "embrace § 15-15-26, Ala.Code 1975, which had previously been superseded by Rule 2.2(e)(5), Ala. R.Crim. P.a rule that was eliminated effective August 1, 2002. . . . Section 15-15-26, Ala.Code 1975, has effectively been revived." 12 So.3d at 133. Section 15-15-26 provided: "After the court has heard and considered a plea of guilty by a defendant and has permitted the filing of such plea and sentenced the defendant, such defendant shall not have the right to appeal from the action of the court."
We note that § 15-1-1, Ala.Code 1975, provides: "[a]ny provisions of [Title 15] regulating procedure shall apply only if the procedural subject matter is not governed by rules of practice and procedure adopted by the Supreme Court of Alabama." When this Court adopted the Alabama Rules of Criminal Procedure effective January 1, 1991, the procedural subject matter covered by § 15-15-26 was one of those areas governed by those rules. In Ex parte Oswalt, 686 So.2d 368, 370-71 (Ala. 1996), this Court stated:
"Although a legislative act generally controls over a court rule, Section 6.11 of Amendment 328 of the Alabama Constitution of 1901 confers on this Court the authority to `make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts,' subject to the rules being changed by the legislature only `by a general act of statewide application.' See, also, Ex parte Foshee, 246 Ala. 604, 21 So.2d 827 (1945); Holsemback v. State, 443 So.2d 1371 (Ala.Crim. App.1983); Committee Comments to Rule 1.1, Ala. R.Crim. P. The Alabama legislature has recognized the supremacy of this Court's Rules of Criminal Procedure over statutory provisions on the same subject, stating in § 15-1-1, Ala. Code 1975: `Any provision of this title ["Criminal Procedure"] regulating procedure shall apply only if the procedural subject matter is not governed by rules of practice and procedure adopted by the Supreme Court of Alabama.'"
*148 Cf. Schoenvogel, 895 So.2d 225 (addressing a rule of procedure conflicting with Title 12 and holding that this Court's constitutional authority to promulgate rules of procedure for all the courts may supersede legislatively enacted rules of practice and procedure so long as the rules promulgated by this "Court did not abridge, enlarge, or modify the substantive rights of any party and subject to the legislature's right to change the Court-adopted rules by a general act of statewide application). Accordingly, a rule adopted by this Court could supersede § 15-15-26, and did so when we adopted Rule 2.2(e)(5) (providing for a right to appeal a guilty plea). However, this Court's revision of Rule 2.2(e) in 2002 did not revive the absolute bar of an appeal from a guilty plea found in § 15-15-26. This is necessarily so because Rules 14.4 and 26.9, also amended in 2002, provide for a limited right to appeal from a guilty plea entered in the circuit court; thus, there is no revival of the absolute bar of an appeal from a guilty plea found in § 15-15-26. Furthermore, Rules 14.4 and 26.9 were not intended to modify the statutory right of appeal granted a defendant convicted in the municipal or the district court as set in Rule 30.1.

Conclusion
The appellate authority of the circuit court provided by statute allows for an appeal from the district or the municipal court to the circuit court for a trial de novo. Rule 14.4(a), however, requiring a defendant in the municipal or the district court to reserve a particular issue on appeal to the circuit court, limits the statutory authority of the circuit court to conduct a de novo review. Also, Rule 26.9(b)(4), requiring the defendant to file a motion to withdraw his guilty plea before he can proceed to the circuit court for a trial de novo limits his right to de novo review in the circuit court because the circuit court's review will be limited to whether the district or the municipal court exceeded its discretion in ruling on the motion to withdraw the guilty plea. Thus, those rules, if applied to appeals from a district or a municipal court to the circuit court for a trial de novo, would affect the jurisdiction of the circuit court. Therefore, they are not to be applied to appeals from a district or a municipal court's judgment to the circuit court for a trial de novo.
Based on the foregoing, the judgment of the Court of Criminal Appeals is reversed and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
SEE, WOODALL, PARKER, and MURDOCK, JJ., concur.
LYONS, STUART, and SMITH, JJ., concur specially.
COBB, C.J., recuses herself.
LYONS, Justice (concurring specially).
I concur fully in the main opinion. I write specially to suggest that the Advisory Committee on the Alabama Rules of Criminal Procedure consider proposing an amendment to Rule 26.9(b)(4), which now provides that, in instances where the right to appeal has been properly reserved, "a copy of the record and the reporter's transcript will be provided at no cost to the defendant for purposes of appeal, if the appeal is from a judgment and sentence of the circuit court." (Emphasis added.) Our holding today would appear to make the emphasized qualification unnecessary.
STUART, Justice (concurring specially).
The amendments to Rules 2.2(e), 14.4(a)(1)(viii), and 26.9(b)(4), Ala. R.Crim. P., did not effectively abrogate a criminal defendant's statutory right to appeal a district court's judgment to the circuit court *149 for a trial de novo, nor did the amendments affect the jurisdiction of the circuit court. In light of the language limiting issues that may be appealed and the type of review that may be conducted in the circuit court, the amendments to the rules clearly address pleas of guilty entered in the circuit court, not in the district court or the municipal court.
Rule 30.1, Ala. R.Crim. P., specifically provides that "[a] defendant convicted of an offense in municipal court or a district court shall have the right to appeal the judgment, within fourteen (14) days of the date of judgment or the denial of a timely filed post-judgement motion, to the circuit court for a trial de novo." Rule 30.1, Ala. R.Crim. P., does not differentiate between a conviction from a bench trial or a conviction from a voluntary plea of guilty. Therefore, the Rules of Criminal Procedure clearly provide that a defendant who pleads guilty in a municipal or a district court has a right to appeal the judgment for a trial de novo in the circuit court.
The right to appeal for a trial de novo in the circuit court, however, is waivable:
"It is well settled that a defendant may, as part of a negotiated plea agreement, agree to waive his right to appeal `so long as he is fully advised on its implications and he voluntarily agrees to enter into the agreement.' Watkins v. State, 659 So.2d 688, 689 (Ala.Crim.App. 1994). . . . `[A] colloquy with the defendant that reflects that he or she was informed of the right to appeal and that he or she chose to waive this right is sufficient to show a valid and enforceable waiver.' Watson [v. State,] 808 So.2d [77,] 80 [(Ala.Crim.App.2001)]. In addition, just like a challenge to the voluntariness of a guilty plea, the issue of the voluntariness of a waiver of the right to appeal will be reviewed on direct appeal if it is first presented to the trial court."
Boglin v. State, 840 So.2d 926, 929 (Ala. Crim.App.2002). Moreover,
"`The right to appeal is by the grace of statute,' Pettway v. State, 519 So.2d 548 (Ala.Civ.App.1987), and this court will not differentiate between a defendant's decision to waive this right as part of plea negotiation in district court or in circuit court. . . .
". . . .
". . . [A] defendant may waive his right to appeal to circuit court for a trial de novo as part of a negotiated plea agreement in district court. See Gwin v. State, 456 So.2d 845 (Ala.Cr.App. 1984)."
Jones v. State, 675 So.2d 69, 71 (Ala.Crim. App.1995).
Thus, the law in this State provides that a defendant entering a guilty plea in the district or the municipal court can voluntarily waive his right to appeal from a guilty-plea conviction for a trial de novo in the circuit court as part of a negotiated plea agreement. A voluntary waiver of the right for a trial de novo in the circuit court does not impugn or modify the jurisdiction of the circuit court. Moreover, the 2002 amendments to the Rules of Criminal Procedure did not negate the enforcement of such a voluntary waiver.
My review of the materials before this Court does not indicate whether Sorsby voluntarily waived his right to appeal for a trial de novo in the circuit court as part of a negotiated plea. If he did waive the right to appeal as part of a negotiated plea and the district court determined that his waiver was voluntary, Sorsby has waived this right and the circuit court should dismiss his appeal. If Sorsby did not voluntarily waive this right as part of a negotiated *150 plea, then Sorsby is entitled to a trial de novo in the circuit court.
SMITH, J., concurs.
NOTES
[1] At the same time, Sorsby pleaded guilty to the unlawful possession of a controlled substance, in violation of § 13A-12-212, and was admitted to a pretrial-diversion program. Sorsby's certiorari petition does not address this plea.